## P. S. DOONER v. PENNA. R. CO.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 3 OF PHILADELPHIA COUNTY.

Argued April 7, 1891—Decided April 27, 1891.

Damages to real estate arising from the construction and lawful operation
of an elevated railroad, erected entirely on property of the company sep-
arated from that of the plaintiff by a city street fifty-one feet wide, dis-
close no injury actionable under § 8, article XXI. of the constitution:
Penna. R. Co. v. Lippincott, 116 Pa. 472; Penna. R. Co. v. Marchant,
119 Pa. 541.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 213 January Term 1891, Sup. Ct.; court below, No. 258
March Term 1885, C. P. No. 3.

To the number and term of the court below, Peter S. Dooner
brought case against the Pennsylvania Railroad Company.
Issue.

At the trial on October 21, 1890, the parties filed an agree-
ment as follows:

"It is hereby agreed that the Pennsylvania Railroad Com-
pany, the above defendant, began the construction of an ele-
vated railroad in October, 1879, and that the said road was
completed and put in operation on December 5, 1881. The
said railroad from the line of the Schuylkill river to an average
distance of one hundred and seventy-five feet eight inches east
of Twenty-first street, is constructed at an elevation of twenty
feet over Filbert street upon iron pillars placed on said street,
the said pillars being erected on or about the line of the curb;
the easternmost pillar on the north side of Filbert street being
one hundred and thirty feet seven inches east of the eastern
house line of Twenty-first street; the easternmost pillar on the
south side of Filbert street being two hundred and twenty feet
nine inches east of the eastern house line of Twenty-first street.

"That the said elevated railroad extends at that elevation
above and along the said Filbert street to within four feet eight

### Statement of Facts.

inches of the buildings on both sides of said Filbert street, from the Schuylkill river to the point one hundred and thirty feet seven inches east of the eastern house line of Twenty-first street.

" That at the said last-mentioned point the said elevated railroad deflects to the south, and at the distance of two hundred and forty feet eight inches east of Twenty-first street passes from the highway, and runs thence eastwardly on brick arches, which are constructed entirely upon land belonging to the defendant, to Broad street, crossing the intervening streets on brick arches.

" That the premises of the plaintiff consist of a lot of ground and a three-story brick messuage thereon erected, situate on the north side of Filbert at the distance of thirty-four feet east of Nineteenth street, containing in front on Filbert street sixteen feet and extending in depth one hundred and seventeen feet to Cuthbert street. The said Filbert street is fifty-one feet wide, and the entire width thereof intervenes between the plaintiff's premises and the defendant's road at the point where the said elevated railroad passes in front of the plaintiff's premises.

" That the distance from the plaintiff's property (thirty-four feet east of Nineteenth street) to the nearest pillar situate on the north side of the street, where the railroad is built upon arches over the street, is eight hundred and ninety-four feet eleven and nine sixteenths inches.

" That the distance from the plaintiff's property (thirty-four feet east of Nineteenth street) to the nearest pillar situate on the south side of the street, where the railroad is built upon iron arches over the street, is eight hundred and four feet two and one sixteenth inches.

" That the distance from the above-mentioned point, where the said railroad deflects to the south and passes to ground owned by the defendant, to the west line of the plaintiff's premises, is seven hundred and eighty-four feet five inches.

" That the average number of train movements daily passing in front of the plaintiff's property and over the said elevated structure, is about fifteen hundred, the said train movements being made by the use of steam locomotive engines.

" That the Pennsylvania Railroad Company was incorporated by an act of the assembly of the commonwealth of Pennsyl-

Arguments.

vania approved April 17, 1846 P. L. 312; that the sale of the main line of the public works was authorized by act of May 16, 1857, P. L. 519; that in pursuance of said act, and the sale thereunder, the said main line was conveyed to the defendant by the commonwealth's deed, dated July 31, 1857; and that under the powers granted by the said two acts, the said elevated railroad was constructed, and has since been properly operated by the said railroad company.

"That the said elevated railroad was constructed over Nineteenth street, on brick arches, with the sanction of the proper authorities of the city of Philadelphia, and with their approval of the work when completed."

The plaintiff then made various offers, to wit: "To prove by competent experts that the property of the plaintiff was injured by the construction of the defendant's railroad, and the amount of such injury was $4,500;" "that the construction of the said elevated railroad on the bed of Filbert street, as stated in the agreement of facts, injured the plaintiff's property, and the amount of such injury was $4,500;" "that the construction by the defendant of the brick arch over Nineteenth street, on which the said railroad is built, injured the plaintiff's property, and the amount of such injury was $2,500;" "that the construction of the said elevated railroad and its operation with due care injured the plaintiff's property, and the amount of such injury was $4,500."

The plaintiff then closing, the court, REED, J., on motion entered a judgment of nonsuit, with leave, etc. A rule to show cause why said judgment should not be set aside was subsequently discharged, without opinion filed. Whereupon, the plaintiff took this appeal, assigning the refusal of the plaintiff's offers, the entry of the judgment of nonsuit, and the discharge of the rule to show cause, etc., for error.

*Mr. Theodore F. Jenkins,* for the appellant.
Counsel cited: Penna. R. Co. v. Duncan, 111 Pa. 352; Penna. R. Co. v. Miller, 132 U. S. 75–82 (s. c. 129 Pa. 181); Chester Co. v. Brower, 117 Pa. 647, 656; Penna. etc. R. Co. v. Walsh, 124 Pa. 544; Penna. R. Co.'s App., 115 Pa. 514, 529; Penna. R. Co. v. Lippincott, 116 Pa. 472, 480; Penna. R. Co. v. Marchant, 119 Pa. 541, 557, 561; § 6, act of April 21,

Syllabus.

1858, P. L. 386; Washington Ave., 69 Pa. 352, 360; McMasters v. Commonwealth, 3 W. 292; Chestnut Ave., 68 Pa. 81, 82; Hancock St., 18 Pa. 26; Wray v. Pittsburgh, 46 Pa. 365; Berks St., 12 W. N. 10; Centre St., 115 Pa. 247; Shepherd v. Railroad Co., 130 U. S. 426, 432; Lahr v. Railroad Co., 104 N. Y. 268, 287, 290, 295.

*Mr. A. H. Wintersteen* and *Mr. Geo. Tucker Bispham*, for the appellee, were not heard.

In the brief filed, counsel cited: Penna. R. Co. v. Lippincott, 116 Pa. 472; Penna. R. Co. v. Marchant, 119 Pa. 541; Proprietors of Locks and Canals v. Railroad Co., 10 Cush. 385; Pittsb. etc. R. Co. v. Jones, 111 Pa. 213; Gold v. Philadelphia, 115 Pa. 184; Penna. R. Co.'s App., 115 Pa. 514; Paul v. Carver, 24 Pa. 207; McGee's App., 114 Pa. 470; O'Brien v. Railroad Co., 119 Pa. 184.

PER CURIAM:

This case is ruled by Penna. R. Co. v. Lippincott, 116 Pa. 472, and Penna. R. Co. v. Marchant, 119 Pa. 541. The question involved has been sufficiently discussed in those cases.

Judgment affirmed.