| 149 | 317 |
|-----|-----|
| 31 SC | 475 |

| 149 | 317 |
|-----|-----|
| 38SC | 83 |

## Power, Appellant, *v.* Borough of Ridgway.

*Streets—Bridge—Relocation of abutments—Damages—Remedy—Act of May* 24, 1878.

Where property is damaged by a change made by the borough authorities in the location of the abutments of a bridge, which is part of a public highway, the remedy is by the appointment of viewers under the act of May 24, 1878, P. L. 129, and not by action of trespass.

Argued May 3, 1892. Appeal, No. 356, Jan. T., 1892, by plaintiff, Robert Power, from judgment of C. P. Elk Co., May T., 1890, No. 144, compulsory nonsuit. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL JJ.

Trespass for damages caused by a change in the abutments of a bridge.

On the trial before MAYER, P. J., at the conclusion of plaintiff's evidence, a nonsuit was entered, which the court afterwards refused to take off.

The facts sufficiently appear in the opinion of the Supreme Court.

*Error assigned* was the granting of the compulsory nonsuit and the refusal to take it off.

*Harry Alvan Hall*, with him *Samuel T. Neill*, for appellant.

*Fred H. Ely*, with him *C. H. M'Cauley*, for appellee.

PER CURIAM, May 23, 1892:

We think the plaintiff was properly nonsuited in the court below. His contention was that his property was endangered, and its market value greatly depreciated by a change in the location of the abutments of a bridge which the borough had rebuilt; that by reason of this change the water of the stream was diverted from its course, and thrown against his house and across his lot. The evidence does not show that, prior to the com-

mencement of his suit, any considerable amount of damage had been done to his property. He claims, however, that it is liable to serious injury at any time, and for this reason is depreciated in its market value. We think the remedy for such an injury is under the act of May 24, 1878, P. L. 129, which provides, inter alia : " That in all cases where the proper authorities of any borough within this commonwealth, have or may hereafter change the grade or lines of any street or alley, or in any way alter or enlarge the same, thereby causing damage," etc., the proceeding shall be by view.

The bridge in this instance was a part of the public highway, and the act in question provides, as we have seen, that where the borough proceeds in any way to alter and enlarge the same, the proceeding shall be by view. The act having provided a special remedy, such remedy must be pursued. By a proceeding under it, whatever injuries the plaintiff's property has sustained can be assessed. If the change in the bridge be such as to endanger the plaintiff's property, and thereby lessen its market value, the entire damages may be recovered in the one proceeding.

Judgment affirmed.