## Krug v. St. Mary's Borough, Appellant.

[Marked to be reported.]

*Municipalities—Negligent construction of public works.*

For negligence either in construction or repair of public works, when repair is a duty, municipal corporations must respond in damages whenever special injury results : Allentown v. Kramer, 73 Pa. 406.

Plaintiff's testimony, which was practically uncontradicted, was that defendant had constructed a bridge in such a way that there was not sufficient space at times of ordinary high water for the stream to flow through, and that in consequence the water was backed upon his land, and further that there was no necessity for so constructing the bridge. *Held*, that it was not error to submit to the jury the question of whether the defendant had been negligent in constructing the bridge so as to injure the plaintiff in the enjoyment of his land.

*Statute of limitations—Prescriptive right.*

Where an action was brought in 1890 for damages for flooding plaintiff's land from 1884 to 1889, caused by the backing up of the water by a bridge erected by a municipality in 1866, no question of the statute of limitations arises ; nor is the fact that similar actions were not brought in previous years evidence of a prescriptive right.

Argued May 3, 1892.   Appeal, No. 357, Jan. T., 1892, by defendant, from judgment of C. P. Elk Co., Sept. T., 1890, No. 14, on verdict for plaintiff, John Krug.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

Trespass brought June 11, 1890, for damages to plaintiff's property by backing of water caused by negligent construction of bridge.

At the trial, before MAYER, P. J., it appeared that the bridge had been erected by the borough in 1866, being completed the latter part of October ; plaintiff bought and owned his land in 1865, the legal title remaining in the vendor, Josiah Burden, until 1873.   Plaintiff claimed and gave evidence of damage suffered by the backing up of the water upon his land in the years 1888 and 1889, and that the high water of 1889 was that of an extraordinary flood.

Further facts appear by the opinion of the Supreme Court.

Plaintiff's first point was as follows :

" 1. If, whether in the year 1889, or any other year, the property of the plaintiff was damaged by reason of the centre

pier of the bridge obstructing the flow of the water of the. stream, the plaintiff is entitled to recover. *Answer :* We affirm that point, with the qualification that the evidence must show that the bridge was constructed in such a manner as to obstruct the flow of the water in an ordinary freshet. This point is stated in a general way, and we refuse to affirm it in the manner in which it is stated. The bridge must have been constructed in such a manner that it would have obstructed the flow of the water in an ordinary freshet." [1]

Defendant's points, refused, were as follows :

" 1. The evidence shows that the bridge was erected by the officers and agents of a borough duly incorporated, lawfully appointed and employed therefor, and wholly within the lines of one' of the streets or highways of said borough, during the year 1866, and such being the case, the borough had a right to build said bridge under and by the authority of the commonwealth of Pennsylvania, delegated to said borough for the purpose of maintaining its highways, and the manner of building said bridge was a matter wholly within the discretion of the borough authorities, and if such discretion was lawfully exercised, the bridge so built being a public improvement, no action will lie for consequential damages caused by the same to private property. *Answer :* In view of the evidence we decline to affirm this point, and say to you, if under the evidence the jury come to the conclusion that the bridge was so improperly and unskillfully constructed as not to pass the water in an ordinary freshet, the plaintiff would be entitled to recover." [2]

" 2. The measure of damages, if there could be any recovery, would be the difference in the value of the plaintiff's property immediately before and immediately after the erection of the bridge, and such damages would accrue and be recoverable as soon as the said bridge was erected, which the evidence shows to have been during the year 1866, and any claim for damages caused by the erection of said bridge is now outlawed, and the plaintiff cannot recover." Refused. [3]

" 3. The evidence shows that the said bridge was erected during the year 1866, and has since, for a period of over twenty-one years before the bringing of this suit, been maintained by the defendant as a part of its highway under a claim of right,

openly, continuously and uninterruptedly, and that the plaintiff was during that time under no disability to resist the use. That the defendant has, therefore, acquired a prescriptive right to maintain the same, the law will presume a grant of a license to maintain the same, and therefore the plaintiff cannot recover." Refused. [4]

"5. The title to the property in question having been in Josiah Burden at the time of the erection of the bridge, damages occasioned thereby would not pass with the land, and the plaintiff cannot recover." Refused. [5]

Verdict and judgment for plaintiff for $225. Defendant appealed.

*Errors assigned* were (1–5) answers to points, quoting them.

*Harry Alvin Hall*, for appellant.—The bridge was erected prior to the constitution of 1874 and consequently no action will lie for consequential damages: O'Conner v. Pittsburgh, 18 Pa. 187; Ridge St. v. Allegheny, 29 Pa. 391; Chester Co. v. Brower, 117 Pa. 647; Mercer v. R. R., 36 Pa. 99; Clarke v. Bridge Co., 41 Pa. 147; Struthers v. R. R., 87 Pa. 282; Pa. R. R. v. Marchant, 119 Pa. 564; Yealey v. Fink, 43 Pa. 217; Monongahela Nav. Co. v. Coons, 6 W. & S. 101.

The measure of damages is the difference in value of the property immediately before and after the erection complained of; such damages would accrue upon the erection of the bridge and could not be sustained after the statute of limitations had become a bar: Craft v. South Chester Borough, 2 C. C. 508; P. & L. R. R. v. Jones, 111 Pa. 204; D. L. & W. R. R. Co. v. Burson, 61 Pa. 369; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411; Hornstein v. R. R., 51 Pa. 87; R. R. v. Ranck, 78 Pa. 454; R. R. v. Braham, 79 Pa. 447.

The bridge was openly and continuously maintained under claim of right for twenty-one years, and thus a prescriptive right was acquired. The grant of a license will therefore be presumed: Gehman v. Erdman, 105 Pa. 371; Messinger's Ap., 109 Pa. 285; McGeorge v. Hoffman, 133 Pa. 381; Strickler v. Todd, 10 S. & R. 63; Hoy v. Sterrett, 2 Watts, 330; Stout v. Kindt, 24 Pa. 12.

Plaintiff had no legal title to the land prior to 1873; a claim for damages would be in the owner of the land at time bridge

was built and would not pass by conveyance to Krug: Schuyl-kill Nav. Co. v. Decker, 2 Watts, 343; Zimmerman v. Union Canal Co., 1 W. & S. 346; Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411.

*Ernest J. Wimmer*, for appellee.—The question of prescriptive right by twenty-one years' use is not raised, since plaintiff brought his first action Oct. 3, 1887, within twenty-one years of the completion of the bridge.    But the statute of limitations only begins to run from the time of legal injury to plaintiff and the adverse use could only run from that time: Polly v. McCall, 37 Ala. 20; Mitchell v. Mayor of Rome, 49 Ga. 19; Napier v. Bulwinkle, 5 Rich. (S. C.) 311; 2 Addison, Torts, 599.

It was duty of borough to repair bridge as soon as it was found to damage plaintiff's land.   For failure to do so it would be answerable in damages: Erie City v. Schwingle, 22 Pa. 384.

An action for damages will lie against a municipal corporation for its negligence in the execution of the powers conferred upon it by the legislature: Erie City v. Schwingle, 22 Pa. 385; Pittsburgh City v. Grier, 22 Pa. 68; Bailey v. Mayor of New York, 3 Hill, 531; Commissioners of Kensington v. Wood, 10 Pa. 93; 2 Denio, 450; Delmonico v. Mayor of New York, 1 Sandf. 222; Rochester White Lead Co. v. Rochester, 3 Comstock, 463; Lacour v. New York City, 3 Duer, 415; Buffalo v. Holloway, 3 Seldon, 493; Baltimore v. Marriott, 9 Md. 160; Thayer v. Boston, 19 Pick. 516; Rhodes v. Cleveland, 10 Ohio, 160; Memphis v. Lasser, 9 Humph. 757; Ross v. Madison, 1 Carter, 281; Ohio v. Akron, 15 U. S. 480.

For negligence, either in the construction or repair of public works (when repair is a duty) the corporation itself must respond in damages for injury caused by its negligence: Humphreys v. Armstrong Co., 56 Pa. 290; Pittsburgh, Ft. Wayne & Chicago R. R. v. Gilleland, 56 Pa. 445; Pa. & Ohio Canal Co. v. Graham, 63 Pa. 290; Norristown v. Moyer, 67 Pa. 355; Rapho v. Moore, 68 Pa. 404; Allentown v. Kramer, 73 Pa. 408.   On recurrence of each fresh injury and within six years

thereafter, cause of action accrues: See Valley R. R. v. Franz, 2 West. Rep. (Ohio) 361, and cases already cited.

The damages are those sustained at each succeeding trespass: 1 Addison, Torts, vol. 1. par. 292.

Possession under equitable title is sufficient to maintain trespass: Weitzel v. Marr, 46 Pa. 463 ; Waldron v. Haupt, 52 Pa. 408; Rifener v. Bowman, 53 Pa. 313; McCurdy v. Potts, 2 Dall. 98; Baker v. King, 18 Pa. 138; Addleman v. Way, 4 Yeates, 218; Shenk v. Mundorf, 2 Bro. 106.

OPINION BY MR. JUSTICE GREEN, November 11, 1892:

This was an action of trespass brought to recover damages occasioned, as alleged by the plaintiff, by the negligent construction of a stone bridge over Elk creek by the defendant. The bridge was erected in 1866 by the borough authorities over Elk creek within the borough limits. The plaintiff claims, and on the trial gave evidence to prove, that the whole width of the creek between the abutments, was twenty-two feet ten inches, and alleges that it might and should have been built, with one span only, so as to leave the water of the stream to flow freely and without obstruction. He also further alleges, and gave evidence to prove, that the bridge was built with two narrow spans about nine feet in width each, with a pier about three feet in width in the centre. This, the plaintiff claims, was a negligent construction of the bridge by the defendant which resulted in the water of the stream being backed up and obstructed so as to overflow his house and land immediately above the bridge in times of ordinary freshets, causing him damage and injury. The learned court below submitted the cause to the jury entirely on this issue, charging them as follows: " Now in order that the plaintiff may recover against the borough any damages, it is necessary for him to establish by the evidence in the case that the damages resulted from the acts and conduct of the defendant. In other words the evidence must show to the satisfaction of the jury that the overflowing of his land was caused by the improper erection of the pier in the centre of the bridge across Elk creek. . . . If in the erection of the bridge there were sufficient space left to pass an ordinary freshet the borough would not be liable to Krug, although his land might be overflowed. . . . If you

come to the conclusion that the damages which Krug claims in this suit were caused by the improper and unskillful erection of the bridge, and that the bridge was not capable of passing the water of an ordinary freshet, then you determine from the evidence what amount of damages he has sustained. . . . If you come to the conclusion that the bridge was erected by the borough of St. Mary's in such a manner as to pass the water through the arches in time of an ordinary freshet, and that the land was not overflowed by reason of the unskillful erection of the bridge, then your verdict should be for the defendant. If however you come to the conclusion that the bridge was so improperly and unskillfully erected that it did not allow the passage of the water in time of an ordinary freshet, then you ascertain from the testimony what damages Krug has sustained by reason of the erection of the bridge, causing the alleged overflow of his land."

The same idea was enforced by the court in answer to the points submitted on both sides, and hence the only question tried was whether the defendant had been guilty of negligence in the construction of the bridge, and in such a manner as to do injury to the plaintiff in the enjoyment of his land just above the bridge. No question was raised as to the right of the borough to build and to maintain the bridge at the point where it was erected, nor was there any contention on the part of the plaintiff as to the exclusive right of 'the defendant to determine the character of the structure, its location, the materials of which it should be built, and all the details of the construction. No other question was raised, or submitted to the jury, except the question of negligence of the defendant in the exercise of its right of construction, and if there was such negligence, whether it resulted in injury to the plaintiff. On the trial there was an abundance of testimony submitted by the plaintiff in support of his allegation of negligence. It was shown by a number of witnesses that, in times of moderate rises in the water of the stream, the passages left between the pier and the abutments were not sufficient to carry off the water, that whenever there was floating timber, logs, boards, barrels or any other débris in the stream, it would be caught by the centre pier and would obstruct the flow of the water so as to dam it up and raise it considerably higher above the bridge

than it was below, and thus overflow the plaintiff's land.   Witnesses also testified that there was no occasion for the centre pier, and that if it had not been placed there the space between the walls of the bridge at each end would have been sufficient to pass all the water of the stream.   The verdict in favor of the plaintiff was in accord with the testimony and could not consistently have been otherwise.   There was indeed no real opposing testimony on the question of obstruction, nor on the question of negligence in the construction.   There was certainly no occasion for the erection of a pier in the centre of a bridge-span the whole width of which was only twenty-two feet.   The only engineer who was examined on the trial testified that the effect of the pier was to obstruct the flow of the water materially, and that, in his opinion, if the pier was out, the space would be sufficient to carry off all the water in an ordinary flood.   There was really no contrary testimony on this subject, and the case was simplified to the mere question of the negligent exercise of the right to construct the bridge.

The doctrine upon this subject is entirely free from difficulty, and is well expressed by Mr. Justice AGNEW in delivering the opinion of this court in the case of Allentown v. Kramer, 73 Pa. 406.   After referring to a number of cases which affirm the right of a municipality to raise its streets, or bridge them, without liability for consequential injury, he proceeds as follows : " But the cases referred to, or some of them, state the distinction upon which this case was submitted to the jury,.and which has been sustained in many other cases, to wit: that for negligence either in the construction or repair of public works (when repair is a duty) the corporation itself must respond in damages for a special injury caused by its negligence," citing many cases.   And again: " The right of the city to raise the street and to construct the bridge as a necessary part of the improvement, does not appear to have been drawn into question.   The faulty and negligent construction of the bridge making it an obstruction to the flow of the water in ordinary rains, was a proper ground of recovery."

The law upon this subject is so perfectly familiar and so thoroughly well established that a repetition of the authorities is quite unnecessary.   No question arose as to the statute of limitations or a prescriptive right to flood the plaintiff's lands.

Whether there were any floods prior to 1884 we are not informed by the testimony, and we certainly cannot presume there were any in the absence of testimony to prove them. For those that occurred in that and subsequent years this and another action were brought, both within six years, and the fact that no similar action was brought in previous years proves nothing as to the right of recovery in these actions. There might have been no freshets in that period inflicting any serious injury, or the plaintiff might not have cared to incur the expense and annoyance of a lawsuit during that time. It is enough to know that there was not a particle of testimony proving or tending to prove the existence of a prescriptive, or any, right to flood the plaintiff's land by the back water at this bridge.

The assignments of error are not sustained.

Judgment affirmed.