# Nichols *v.* Wellsboro Borough, Appellant.

*Road law—Change of grade—Borough street—Reconstruction of bridge*
*—Impairment of access—Damages—Acts of May 24, 1878, P. L. 129,*
*and April 27, 1911, P. L. 89.*

Where a stream crossing a borough street has been covered by a wooden bridge for many years and such bridge forms a constituent part of the highway, and the borough in the exercise of its municipal functions, and in a non-negligent manner removes the old bridge and erects a concrete bridge in its place, but leaves on each side of the new bridge a portion of the stream uncovered, thereby depriving an adjoining owner of access to his property, such owner will be entitled to compensation as for special damage to his property, and he may recover such compensation by proceedings authorized by the Act of May 24, 1878, P. L. 129, as amended by the Act of April 27, 1911, P. L. 89. In such a case the leaving of the open space over the stream at the side of the new bridge was in fact a depression of, or change of grade of the street, and therefore within the very letter of the Act of May 24, 1878, P. L. 129.

Argued February 25, 1914.   Appeal, No. 7, Feb. T., 1914, by defendant, from judgment of C. P. Tioga Co., Jan. T., 1913, No. 67, on verdict for plaintiff in case of Sarah E. Nichols v. Wellsboro Borough.   Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Appeal from award of jury of view.   Before MAXWELL, P. J.

At the trial it appeared that plaintiff owned property on Walnut street in the borough of Wellsboro. Immediately in front of her property a wooden bridge extended the full width of the street covering a small stream flowing across the street. This bridge had existed for about twenty years, and was a constituent portion of the highway. In 1912 the borough removed the wooden bridge and constructed in its place a concrete bridge which did not cover the whole width of the street, but left a space about six feet wide of open

stream on each side.   By reason of this change access to plaintiff's barn was cut off.   The plan on page 307 shows the condition of the street after the completion of the new bridge.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $250.   Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*S. F. Channell,* with him *H. F. Marsh* and *F. E. Watrous,* for appellant.—The act of 1878 does not apply: Stork v. Philadelphia, 195 Pa. 101; Pennsylvania R. R. Co. v. Lippincott, 116 Pa. 472; Pennsylvania Railroad Co. v. Merchant, 119 Pa. 541; Brady Street, 99 Pa. 591; Whitehead v. Manor Borough, 23 Pa. Superior Ct. 314; Snively v. Washington Twp., 218 Pa. 249.

It does not follow because the plaintiff has suffered damage from the exercise of a privilege that in the beginning at least was optional with the borough, that she is entitled to recover damages: Pennsylvania Coal Co. v. Sanderson, 113 Pa. 126; Strauss v. Allentown, 215 Pa. 96.

*Andrew B. Dunsmore,* with him *Paul J. Edwards,* for appellee.—We think it would be doing no violence to the meaning of the term "grade" as used in this statute of May 24, 1878, to hold that it may properly be applied to this street as applied to the changes made by the borough authorities in the fall of 1912.   At least, it certainly was an "altering" of the street, and we think it fully covered and provided for by the Act of May 24, 1878, sec. 1, P. L. 129: Power v. Ridgway Borough, 149 Pa. 317; Beltzhoover Borough v. Gollings, 101 Pa. 293; McKee v. Pittsburg, 7 Pa. Superior Ct. 397; New Brighton Borough v. United Presbyterian Church, 96 Pa. 331.

As the approach to a bridge is part of a highway, it

is not improper to speak of such a structure as occasioning an elevation of the grade of the highway: Lafean v. York County, 20 Pa. Superior Ct. 573; Miller v. Phila., 160 Pa. 614.

OPINION BY RICE, P. J., July 15, 1914:

Walnut street in the defendant borough is fifty feet wide and is crossed by a small stream twelve feet wide. For more than twenty years the stream, throughout the entire width of the street, was covered with a wooden bridge, so that (adopting the language of the viewers' report) the street presented a solid and continuous roadway suitable for all the purposes for which a street is constructed. The plaintiff's lot abuts on Walnut street at this point, and, after the construction of the bridge, she or her predecessor in title erected a barn on the rear end of the lot, which spanned the stream and faced the bridge, or, as it appropriately may be called, the planked roadway of the street. The barn stood back from the line of the street about six feet, and the intervening space was planked over, so that she had direct access to the street. This was her only mode of ingress and egress to and from her barn and the street. In 1912, the borough authorities substituted for the plank bridge a concrete bridge, with a driveway twenty feet and seven inches in width, and footwalks on either side six feet and three inches in width. These structures do not cover the entire stream where it crosses the street, as did the plank roadway they replaced; but there are left between the new roadway and the footwalks open and uncovered spaces about seven feet in width, and between the footwalk and the plaintiff's barn a space of about the same width. Permanent guard rails thirty-six inches high were erected and are maintained on either side of the roadway and of the footwalks. By reason of these guard rails and the open and uncovered spaces to which we have referred, the mode of ingress and egress which the plaintiff formerly had when the

entire width of the street was planked over, is cut off. And the same would be true so far as the wagon way is concerned, if the guard rails were not there. The plaintiff instituted proceedings under the Act of May 24, 1878, P. L. 129, as amended by the Act of April 27, 1911, P. L. 89, for the assessment of damages. From the viewer's award of damages the borough appealed to the common pleas, where an issue was framed, which, having been tried before a jury, resulted in a verdict in her favor. From the judgment on the verdict the borough took the present appeal.

Bearing in mind that the wooden bridge was part of the highway, in fact as well as in law (Power v. Ridgway Boro., 149 Pa. 317; Westfield v. Tioga Co., 150 Pa. 152; Lafean v. York, 20 Pa. Super. Ct. 573), there can be no doubt that the changes that were made in that part of the street, which cut off the plaintiff's access and resulted in the lessening of the value of her property, constitute a special injury in law, differing not only in degree but in kind, from any loss or inconvenience which may have been sustained by the public in general. "The injury is not of the same kind, differing in degree only; it is an additional injury, caused by the impairment of an entirely distinct right, the special right of ingress and egress. The interest of the public in a highway consists wholly in the right of passage with the incidental right to do all acts necessary to keep it in repair; the owner of land fronting on a highway has an additional interest which must be regarded as property and which, when the right to recover has been given by the state, will sustain a claim for compensation:" In re Melon Street, 182 Pa. 397. It was said in the same case, that as affecting this right of the abutting owner no distinction can be drawn between a partial and a total deprivation of access; the impairment of the right is a legal injury, differing in degree only from its total destruction. See also, to the same effect: Lafean v. York County, 20 Pa. Super. Ct. 573.

The question, therefore, is as to the plaintiff's remedy, not as to her right to recover compensation. The learned counsel for the appellant insist that the remedy provided by the act of 1878 is not applicable, and, in support of that contention, they point to the fact that the grade of the present roadway, that is, the height of the new bridge above the bed of the stream, is substantially the same as that of the plank roadway which it replaced. This contention leaves out of view the fact that by reason of the open and uncovered spaces left between the roadway and the footwalks the grade of the entire width of the street in front of the plaintiff's lot is not the same as it was before, but, as to those spaces, has been materially altered to the plaintiff's injury. As is said by the viewers, "there is now an open space in front of the property, or rather the street has been depressed to the natural level, leaving a depression of about seven by sixteen feet, and four or five feet deep, between the wagon way and the footwalk, and thus the grade of this particular portion of the street has been changed in that respect." The idea was well illustrated by the learned trial judge as follows: "We regard the situation to be the same as if this creek had been formerly a dry ravine, and the borough had filled it up for the entire width and grade of the street, and it had so continued for many years, and the plaintiff built her barn upon or near the line of the street, with the approach to the barn over the same, and the borough had thereafter changed the street by digging out the fill and restoring the ravine to its original condition, and narrowed up the street and left the ravine open on either side of the roadway." In the case supposed it would be quite apparent that there was a change of grade, within the very letter of the act of 1878, and it is equally apparent, in the case in hand, that there was at least an alteration in the nature of a change of grade which the language of the act, as well as its purpose and intent, is broad enough to cover. It is a highly remedial

act and, as declared in New Brighton v. United Presbyterian Church, 96 Pa. 331; "It should receive a liberal construction to effect its object." Conceding, upon the authority of Brady Street, 99 Pa. 591, that the word "alter" was not used in its broadest sense, so as to include the assessment of damages consequent upon the widening of a street, for which there was already statutory provision, it would be an illiberal construction which would reject as meaningless the words, "or in any way alter or enlarge the same." Nor would such construction be justified by the precedents. Thus, in Power v. Ridgway Boro., 149 Pa. 317, it was held that, where property is damaged by a change made by the borough authorities in the location of the abutments of a bridge, which is part of a public highway, the remedy is by the appointment of viewers under the act of 1878, and not by action of trespass. We cannot agree with the learned counsel for the appellant, that what the court said in that case as to the remedy under the act was obiter dictum, or that the case is in opposition to the later case of Krug v. St. Mary's Boro., 152 Pa. 30. The latter decision, sustaining the plaintiff's action of trespass, was based on the ground of negligence, while in Power v. Ridgway negligence was not alleged. The latter is true of the case at bar. The borough had a perfect right to substitute the new structures for the wooden bridge, and no negligence was alleged or proved. The injury of which the plaintiff complains was the direct, immediate, necessary, and unavoidable consequence of making the municipal improvement in a non-negligent manner, and, according to all the authorities, if there is a remedy provided by statute for the recovery of compensation for such injury, an action of trespass will not lie, but the statutory remedy must be pursued. See Stork v. Philadelphia, 195 Pa. 101; Chatham Street, 16 Pa. Super. Ct. 103.

The assignments of error are overruled and the judgment is affirmed.