## Socket *v.* Norristown Transit Company, Appellant.

*Deeds—Boundaries—Street of boundary—Middle line of street—Presumption.*

A conveyance of land bounded by a road or street gives the grantee a title to the middle of the road or street if the grantor owned thereto, and in the absence of title papers showing a contrary restriction, the presumption is that a lot bounded by a street extends to the middle of it. It is a burden of the person asserting the contrary to overcome this presumption.

*Street railways—Elevated railway—Occupation of street—Obstruction of light and air.*

Where a street railway company constructs an elevated railway track on one side of the cartway and sidewalk of a street, and thereby obstructs the light and air to a house built on an abutting lot, the owner of which owns the fee to the middle line of the street, the railway company will be liable in damages to the owner for such obstruction of light and air.

Argued Dec. 6, 1915.   Appeal, No. 280, Oct. T., 1914, by defendant, from judgment of C. P. Montgomery Co., March T., 1913, No. 146, on verdict for plaintiff in case of Annie Socket v. Norristown Transit Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for interference with, access, air and light by reason of the erection of an elevated street railway upon plaintiff's premises.   Before SWARTZ, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $483.33.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Henry C. Boyer,* with him *N. H. Larzelere,* for appellant.—The construction of a street passenger railway upon the surface of the street does not impose any additional servitude upon the property fronting on the street so occupied: Rafferty v. Cent. Traction Co., 147 Pa. 579; Dempster v. Union Traction Co., 205 Pa. 70.

*Theo. Lane Bean,* for appellee, cited: Jones v. Erie, Etc., R. R. Co., 151 Pa. 30.

OPINION BY HENDERSON, J., March 16, 1916:

The plaintiff is the owner of a lot fronting on Swede street in the Borough of Norristown, on which is erected a three-story brick building, the lower floor of which is a storeroom. The defendant constructed an elevated railway track on the eastward side of Swede street in front of the plaintiff's premises. The track is supported by iron posts about twenty feet in height on the top of which are placed trusses to sustain the rails. The posts are located along the curb line of the sidewalk and the superstructure projects over the sidewalk within about seven feet of the front wall of the building. The height of the structure is a little more than twenty-seven feet. Alleging damage to her property with respect to access, light and air because of the location of the elevated track this action was brought to recover for the injury. Two questions are raised: (1) did the plaintiff present evidence of title to the land occupied by the defendant; (2) is the defendant liable to the abutting owner for the authorized erection of an elevated structure in a public street where the premises were to some extent deprived of light and air. It appearing at the trial that there was no post in front of the plaintiff's lot the question of obstructed access was not considered, but the question of depreciation caused by the obstruction to light and air was submitted to the jury. The plaintiff offered in evidence a recorded plot of the borough as laid out by the trustees of the University of Pennsyl-

vania, together with a deed from the said trustees to Henry Pawling, et al., dated Dec. 7, 1785, and also a deed to the plaintiff from Michael F. Scanlan and wife dated Oct. 14, 1908. The plot referred to covers a part of the Borough of Norristown and exhibits Swede street as one of the streets dedicated to public use. The deed of the trustees to Pawling calls for Swede street and the conveyance to the plaintiff locates the plaintiff's lot along the southeastwardly side of Swede street. The learned trial judge declined to affirm the defendant's first point that no proof had been submitted that the land occupied by the defendant belonged to the plaintiff. This conclusion was based on the well established doctrine that a conveyance of land bounded by a road or street gives the grantee a title to the middle of the road or street if the grantor owned thereto and in the absence of title papers showing a contrary restriction the presumption is that a lot bounded by a street extends to the middle of it: Paul v. Carver, 24 Pa. 207; Neely v. Philadelphia, 212 Pa. 551; Willock v. Beaver Valley R. R. Co., 222 Pa. 590. In the latter case the plan of lots was laid out under an act of assembly, and with reference to this it was said: "If the plan of lots in the present case had been laid out by an individual in precisely the same manner as the Commonwealth has done and lots had been sold with streets as boundaries the title of the fee to the center of the streets would have passed to the purchasers." It is a burden of the person asserting the contrary to overcome this presumption. The case discloses no evidence of an intention of the original owners or of any succeeding proprietor to change the general rule on this subject by an express limitation of the title to the street line and in the absence of such evidence the title is presumed to extend to the middle line of the street. The act of the trustees of the university in recording the town plot of their land with streets and alleys marked thereon operated as a dedication to the public of the land so appropriated to

highways, and created an implied covenant in behalf of the subsequent owners of the lots that the streets and alleys as they appear on the plan shall remain as highways for the use of the public forever. When, therefore, the plaintiff acquired title to her lot she obtained as part of her purchase the right to light and air which the relation of her premises to the street gave her. There was evidence that the property was damaged by the obstruction of light and air caused by the presence of the defendant's structure. The defendant's first point was, therefore, properly refused.

The right of the defendant to construct a line or lines of railway track on a street of a borough or city under the permission of the municipality without compensation to abutting property owners may be conceded. Such occupancy of the street is not the taking of private property within the meaning of the law entitling a person who has sustained a special injury to compensation. If the defendant's line had been on the surface along the cartway the plaintiff could have had no redress for injury resulting therefrom. It is but a change in the use of the roadway and the form of vehicle and not a change in the use of the street. Such improvements are presumed to be for the advantage and benefit of all of the inhabitants of whom the abutting owner is one and although he may be affected in a way different from that of his neighbors his situation is one of damnum absque injuria. But the cases establishing this doctrine do not apply to a state of facts where the footway or a portion thereof on one side of the street is occupied by an elevated railway track in such close proximity to the building of an abutting owner as to obstruct the light and air to which he is entitled and which he enjoyed before the road was built. The reasons which apply to the occupancy of the surface of the street are not of like weight when considering the relation of abutting property owners to an elevated street railway erected over a sidewalk and close to the buildings of abutting owners.

Such a structure is an additional servitude peculiar to such owner. It not only occupies his land but may deprive him of both light and air and thereby subject him to inconvenience, discomfort and damage. not occurring to the residents of the street generally nor the usual consequence of the occupation of the street for purposes of transportation and travel. In the case of an overhead bridge in Jones v. Erie, Etc., R. R. Co., 151 Pa. 47, the court held "If this elevated crossing does to any appreciable extent exclude light and air from the double dwelling or affect the value of his (the plaintiff's) property by reason of any additional servitude imposed upon it for the injury so sustained the plaintiff may recover." And in McDevitt, et al., v. Peoples Nat. Gas Co., 160 Pa. 367, it was said "Land taken for a street in a city is subject to a very different easement because of the sanitary and business needs of a city; and the extent of the easement depends upon the municipal judgment as to the extent of occupancy necessary to subserve the health, the comfort and convenience of the citizens. Elevated structures that interfere with the passage of light and air stand on different grounds." A part of the street is subjected to a double servitude. The conveyance of passengers is carried on above, as well as on the surface, as a result of which the plaintiff is subjected to an injury not a usual incident of the use of the street by vehicles and not such an injury as is experienced by her neighbors across the street. To hold that the defendant might obstruct the passage from the street to her building, cut off her light and exclude the air without compensation from the company profiting by the privilege would be the establishment of a principle not heretofore recognized and which is not supported by considerations of equity. On the case presented a right of action was shown and the defendant was, therefore, not entitled to binding instructions nor a judgment non obstante veredicto.

The judgment is affirmed.