## Holmes and Holmes v. Public Service Commission et al., Appellants (No. 2).

*Public Service Company Law—Grade crossings — Abolition — Damages—Adjacent property—Abutting—Light and air.*

The Public Service Company Law of 1913, P. L. 1374, article V, section 12, was not designed, by the use of the term, "adjacent" as distinguished from "abutting" in referring to the allowance of compensation for damages which owners may sustain by reasons of changes in grade crossings, to effect any radical departure from the law regulating damages in eminent domain proceedings. To entitle adjacent property owners to recover damages the injury must still be proximate, immediate and substantial.

It is error to allow a jury to award damages to an adjacent property owner for interference with the light and air of his

property caused by a change in the grade of a railroad crossing in a public street, where there has been no disturbance of access, right-of-way, drainage, or any other existing right of property, and no actual invasion of property or imposition of an additional servitude.

Argued April 21, 1922. Appeal, No. 170, April T., 1922, by the intervening defendant, from judgment of C. P. Armstrong Co., Sept. T., 1919, No. 83, on verdict for plaintiff, in the case of Hannah B. Holmes and J. H. Holmes, widow and heirs of J. H. Holmes, deceased, v. The Public Service Commission of Pennsylvania and Pennsylvania Railroad Company, intervening defendant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal to the court of common pleas from order of the Public Service Commission refusing to award damages to plaintiffs as abutting property owners. Before KING, P. J.

The Pennsylvania Railroad Co. was permitted to intervene as a defendant. An issue was framed, and verdict rendered for plaintiffs in the sum of $1,500. Judgment was entered on the verdict. The Pennsylvania Railroad Co., intervening defendant, took this appeal.

The facts are stated in the opinion of the Superior Court and in preceding case.

*Errors assigned* were refusal to give binding instructions for the defendant and refusal to enter judgment for defendant non obstante veredicto.

*H. A. Heilman,* for appellant.—The Pennsylvania Railroad acquired from the State an absolute fee in the lands formerly of the canal system: Haldeman v. P. R. R. Co., 50 Pa. 425; Robinson v. West P. R. R. Co., 72 Pa. 316; Western P. R. R. Co.'s App., 99 Pa. 155.

The right of eminent domain includes the right to take over and appropriate individual and private rights of

way over property taken for public use: Chambersburg Shoe Mfg. Co. v. R. R. Co., 240 Pa. 519.

There can be no recovery for damages by a property owner caused by the obstruction of light and air unless the obstruction is upon his ground without right: Haverstick v. Sipe, 33 Pa. 368; Willock v. Beaver Valley R. R. Co., 222 Pa. 590; Socket v. Norristown Transit Co., 62 Pa. Superior Ct. 542.

*C. E. Harrington,* and with him *C. L. Wallace,* for appellees.—Every proposition of law raised by the intervening defendant in its cross appeal is fully answered and judicially determined in the case of Donnelly v. P. S. C., 268 Pa. 345.

The streets were dedicated to public use by having been opened and subjected to public use for nearly 70 years: P. R. R. v. Street Ry., 176 Pa. 559; Ackerman v. Williamsport, 227 Pa. 591; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Llewellyn, 14 Pa. Superior Ct. 214; Weida v. Hanover Twp., 30 Pa. Superior Ct. 424.

OPINION BY KELLER, J., July 13, 1922:

This appeal grows out of the same improvement referred to in No. 163, April Term, 1922, [the preceding case] but raises an entirely different question. By agreement with the Borough of Freeport, and with the approval of the Public Service Commission, the Pennsylvania Railroad Company elevated its tracks in said borough and, in doing so, constructed an embankment about eighteen feet high, supported by a concrete wall along either side of its right-of-way. By the terms of the agreement certain streets which formerly crossed the railroad tracks at grade were vacated, wholly or in part, within the right-of-way lines of the railroad company. See Donnelly v. P. S. C. & P. R. R., 268 Pa. 345. Certain other streets, among them Fourth Street, were not vacated at all, but the tracks were carried over them by overhead concrete slab bridges. The bridge at Fourth

384 HOLMES & HOLMES v. PUB. SER. COM., Appel. (No. 2).

Opinion of the Court.    [79 Pa. Superior Ct.

Street was supported by abutments located entirely on the railroad company's right-of-way and by three concrete piers or columns, two on the curb lines and one in the center of the street, which divided the street into two roadways, each about fifteen feet wide, with a sidewalk on each side about twelve feet wide, the remaining six feet being taken up with the supporting columns. Before the improvement the street was used at the railroad crossing for a width of only eighteen or twenty feet which was planked as a roadway, and without sidewalks; now it is opened for its full width of sixty feet.

The plaintiffs are the owners of a tract of land situate at the northwest corner of Fourth and Water streets, composed of parts of lots 19 and 20 as laid out on the plan of lots of William and David Todd, prior to the incorporation of said borough. It extends along Water Street ninety-nine feet and from Water Street along Fourth Street fifty-two feet, where it narrows to a width of sixty-six feet, and extends of that width northward to the right-of-way of the Pennsylvania Railroad Company, formerly the old Pennsylvania canal. A two-story brick house is located on the lot fronting on the railroad company's right-of-way, about six feet from the concrete embankment built thereon, and thirty-three feet from Fourth Street. A three-story building, the Commercial Hotel, occupies the thirty-three feet between the plaintiffs' house and Fourth Street and extends out a foot or two nearer the railroad company's right-of-way. A frame stable is built at the corner of Fourth and Water streets and occupies the whole of the plaintiffs' frontage on Fourth Street and part of said frontage on Water Street. At the hearing before the Public Service Commission, following the approval of the railroad company's plans of improvement, the plaintiffs presented a claim for damages but were denied any compensation. They thereupon demanded a jury trial and appealed to the Court of Common Pleas of Armstrong County, in accordance with the provisions of article VI, section 17, of

HOLMES & HOLMES *v.* PUB. SER. COM., Appel. (No. 2). 385

381, (1922).] Opinion of the Court.

the Public Service Company Law. On the trial of the issue framed thereunder it developed that the embankment was constructed on the railroad company's right-of-way and did not encroach on plaintiffs' land. See appeal to April Term, 1922, No. 163 [preceding case]. The trial judge submitted to the jury the questions, (1) whether the construction of the concrete bridge or overhead crossing at Fourth Street had injured the plaintiffs in a special way by obstructing the access to their property by its supporting piers or columns, and interfering with its light and air, and (2) whether the raising, grading, curbing, and paving of Water Street, in connection with the raising and grading of Fourth Street, where it intersected with Water Street, had resulted in special damage to the plaintiffs' property. Under the directions of the court the jury returned a special verdict, and found that the plaintiffs had not been injured by the raising, grading, etc., of Water Street, but that they had suffered damage by the construction of said concrete bridge or overhead crossing to the extent of $1,500, on which judgment was entered in favor of the plaintiffs; and from this judgment the railroad company, the intervening defendant, has appealed.

The Public Service Company Law of 1913, P. L. 1374, article V, section 12, and its amendment of July 17, 1917, P. L. 1025, provide that the compensation for damages which the owners of adjacent property, taken, injured, or destroyed may sustain in the construction, relocation, alteration, or abolition of grade crossings, shall be ascertained and determined by the commission, with provisions for an appeal from its determination to the court of common pleas of the proper county. It will be noted that the term used is adjacent,—not abutting,—property taken, injured, or destroyed, etc. The appellees contend that this provision established a departure from the law previously in force in this State and entitles anyone whose property is near or adjacent to a grade crossing to recover the damages which a jury may award him by

reason of the construction, relocation, alteration, or abolition of a grade crossing, without any rule or chart to guide them provided witnesses can be found who will testify to such damage. We do not understand that the Public Service Company Act has made any such radical departure in the law regulating damages in eminent domain proceedings, or that it has, in fact, effected any departure from the previously existing law. The Constitution of Pennsylvania, article XVI, section 8, provides that "municipal and other corporations and individuals invested with the privilege of taking private property for such use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements." The Supreme Court held that this provision of the Constitution is not limited to property merely fronting or abutting on the particular works, highway or improvement by the construction of which the property is injured or destroyed but applies to any works which are sufficiently near to the property to make the injury proximate, immediate and substantial: Mellor v. Phila., 160 Pa. 614; Chatham Street, 191 Pa. 604. The former case grew out of the abolition of a grade crossing, the latter from a change of grade of a city street. It is apparent, therefore, that the Public Service Company Act made no change in the law on this point, but simply recognized that adjacent property, —which includes abutting property,—might be injured by the construction, relocation, alteration, or abolition of a grade crossing and made provision accordingly. Had the act limited the right to damages to owners of abutting property it would, under the decisions above cited, have been unconstitutional in that respect. But this does not mean that the Public Service Company Law has created any extension or enlargement of the rights of adjacent property owners or that since the passage of that act they are entitled to damages to which they were not previously entitled. Just as before, the injury must be proximate, immediate and substantial in order to permit a recovery.

HOLMES & HOLMES v. PUB. SER. COM., Appel. (No. 2). 387

381, (1922).]          Opinion of the Court.

There is nothing in the title of the Public Service Company Act which gives notice of any desire or intention on the part of the legislature to make a radical change or departure from the law in this respect.

Let us, then, examine the authorities and see to what extent an adjacent property owner, as distinguished from an abutting property owner, may recover damages because of the construction, enlargement or improvement of public works.

(1) Adjacent property may be injured by the vacation of a street. Previous to the Acts of May 28, 1913, P. L. 368, and June 27, 1913, P. L. 633, it was the law of the Commonwealth that the vacation of a highway or street was not an injury even to abutting land owners within the provision of the Constitution requiring compensation, and in the absence of special legislative provision none could be recovered: Howell v. Morrisville Boro., 212 Pa. 349, 352. But wherever there was such special legislative provision, it applied to adjacent property owners no less than abutting property owners where the vacation resulted in a cul-de-sac and left the property but one mode of access to the general system of streets in the vicinity, whereas before the vacation there were two: In re Melon St., 182 Pa. 397; Walsh v. Scranton, 23 Pa. Superior Ct. 276; Ruscomb Street, 33 Pa. Superior Ct. 148. But even this rule did not apply to adjacent property owners where there was an intersecting street between the property and the street vacated and the effect of the vacation was not to cut off access to the general system of streets from any direction but only made it necessary to travel a short distance farther to reach them: Ruscomb Street, supra, and 30 Pa. Superior Ct. 476; Edgemont Street, 66 Pa. Superior Ct. 142; 13 R. C. L. 232. The principle enunciated in the Melon Street proceeding has no application to the instant case, because there was no vacation of any part of Fourth Street. The placing of concrete columns supporting the overhead crossing in the roadway of the street and at the curb lines, did not

constitute a vacation of any part of the street. The borough authorities, subject to the approval of the Public Service Commission, had the right to authorize such a construction provided it did not constitute an unreasonable interference with public travel: Hobson v. Phila., 155 Pa. 131; Livingston v. Wolf, 136 Pa. 519; Com. v. Beaver Boro., 171 Pa. 542, 561; Horner v. Phila., 194 Pa. 542; such partial obstruction may be for purposes of necessity, ornament or convenience, provided reasonable and not of such a character as to prevent the use of the highway by the public: 13 R. C. L. 198; e. g., bridge piers: Gates v. Bridge & Terminal Co., 111 Mo. 28, 19 S. W. 957; Miller v. Mayor of N. Y., 109 U. S. 385; safety gates at railroad crossing: Textor v. B. & O. R. R. Co., 59 Md. 63; Seibert v. Mo. Pac. R. R. Co., 188 Mo. 657, 87 S. W. 995. As, in this case, there is left for public use nearly three times as much space as was used by the public at this crossing when at grade, there is no ground for holding that it constitutes an unreasonable interference. There being no vacation in whole or in part of the street, the case is distinguished from Donnelly v. P. S. C. & P. R. R., 268 Pa. 345, an appeal growing out of the same improvement but in connection with the overhead crossing at First Street, where, by the terms of the agreement, all of the street in excess of thirty feet was vacated. For the same reason we need not consider the special rights of owners of lots who purchased according to a plan, to use the highways laid out on said plan even after a vacation thereof by the municipality. (O'Donnell v. Pittsburgh, 234 Pa. 401; Carroll v. Asbury, 28 Pa. Superior Ct. 354; Quicksall v. Phila., 177 Pa. 301; Chambersburg Shoe Mfg. Co. v. C. V. R. R. Co., 240 Pa. 519) because Fourth Street is not vacated in whole or in part.

(2) Damages have likewise been allowed adjacent property owners where physical access to the property has been substantially interfered with or prevented by the construction of the improvement complained of.

Cases illustrative of this are: Mellor v. Phila., supra; Lewis v. Homestead, 194 Pa. 199; Walnut St. Bridge, 191 Pa. 153; Nichols v. Wellsboro, 57 Pa. Superior Ct. 306. This principle does not apply in the present case because the access of the plaintiffs to their property has not in any wise been interfered with.

(3) Adjacent property owners are also entitled to damages where there has been a change of grade affecting the drainage on their property. See: Chatham St., supra; Cooper v. Scranton City, 21 Pa. Superior Ct. 17. This does not apply here because the jury has determined that the plaintiffs' property was not injured by the change of grade.

(4) We have not been able to find a case where it has been held that an adjacent property owner, unless he is an abutting property owner, is entitled to damages for interference with light and air, or access to his property by pillars supporting an elevated structure; and not even an abutting property owner unless the construction thus interfering with such access, or light and air, is on ground, the fee to which belongs to him, subject to the easement of passage over it as a street. Thus in P. R. R. v. Duncan, 111 Pa. 352, the pillars and elevated structure were on the plaintiff's side of Filbert Street, interfering with the access to and use of the street in front of his property. To same effect see: Socket v. Norristown Transit Co., 62 Pa. Superior Ct. 542; Chester County v. Brower, 117 Pa. 647; Lafean v. York County, 20 Pa. Superior Ct. 573; P. & R. Co. v. Patent, 17 W. N. C. 198. In Jones v. R. R., 151 Pa. 30, the plaintiff owned a property at the northeast corner of two intersecting streets. The railroad company erected an overhead crossing running from the northwest to the southeast corner of said streets and overhanging part of the street to the center of which the plaintiff owned title in fee. It was held that the exclusion of light and air to any appreciable extent by the overhead bridge entitled him to damages, but the court said, "The only legal ground of complaint

390 HOLMES & HOLMES *v.* PUB. SER. COM., Appel. (No. 2).

Opinion of the Court.    [79 Pa. Superior Ct.

grows out of the overhanging of so much of the land to which the plaintiff has title as is occupied at the surface by the streets.  This is a new servitude which, standing apart from all other considerations, except such as grow legitimately out of the character of the bridge and its effect upon the plaintiff's dwelling and lot, constitutes the ground for a recovery," pps. 48, 49. In other words, the ground of recovery in such cases is the imposition of a new servitude upon the property owned by the abutting owners in fee but subject to the easement of passage over the same as a street: Shinzel v. Bell Telephone Co., 31 Pa. Superior Ct. 221, 234.  Where the railroad company erects its construction on its own land, even though it may interfere with the light and air of an abutting property owner and cause him inconvenience, it is, in the absence of negligence, damnum absque injuria: Pa. R. R. Co. v. Lippincott, 116 Pa. 472; Pa. R. R. Co. v. Marchant, 119 Pa. 541, 558; Dooner v. Pa. R. R. Co., 142 Pa. 36.

At the point where the overhead crossing was erected at Fourth Street the plaintiffs were not abutting property owners; their lot was thirty-three feet west of the crossing and over one hundred feet south of it.  The bridge supports imposed no additional servitude on any property owned by them.  No disadvantage or inconvenience was thereby created special to the plaintiffs or that did not apply as well to the traveling public.  In Ogontz Ave., 225 Pa. 126, 130, it was held that no damages can be awarded to a nonabutting property owner where there has been no change in the surface conditions, where access, or right of way, or drainage, or some other existing right of property has not been disturbed.  In Robbins v. Scranton, 217 Pa. 577, p. 583, the court held that "unless the injury is so obvious as to admit of comparatively easy calculation as to the extent of the diminution of the value of the property, it may not fairly be considered as covered by the Constitution."  It is in connection with these qualifications that Penna. Co. for Ins.,

etc., v. R. R., 151 Pa. 334, and Willock v. Beaver Valley R. R., 222 Pa. 590, must be read, which hold that the property entitled to damages by reason of the exercise of the right of eminent domain must be either that which is actually invaded or that which abuts on the highway which is invaded. If there has been a change in surface conditions, which results in disturbance of access, right-of-way, drainage, or some other existing right of property, there has been an actual invasion of property, whether it is abutting or adjacent.

As before stated, the testimony in this case shows that there has been no vacation in whole or part of Fourth Street or Water Street; that there has been no change of surface conditions which interferes with plaintiffs' access to their property; that there has been no change of grade which has affected the drainage of plaintiffs' property injuriously; that the overhead bridge at Fourth Street and the columns supporting it are not located upon property to which the plaintiffs have title in fee and constitute no additional servitude upon their land. Under the circumstances the injury, if any, was not so proximate, immediate and substantial as to justify an award of damages. This case is one which shows the wisdom, if not the necessity, of such a rule. Here we have a house located six feet from a concrete wall eighteen feet high, which shuts off to a considerable extent light and air from the north, but for which plaintiffs are not entitled to damages as it is located upon the railroad company's own right-of-way. [See preceding case.] We have adjoining this house on the east a hotel building which extends farther north and is a story higher, cutting out light and air from the east, but constituting no legal injury to the plaintiffs' property because it is erected on land belonging to the adjoining owner; and notwithstanding these conditions the jury award the plaintiffs $1,500 for the deprivation of light and air caused by a concrete slab bridge erected over a public street thirty-three feet to the east and creating no servi-

tude whatever upon their property. The testimony throughout shows that the witnesses on behalf of the plaintiffs were endeavoring to attach the damages which the plaintiffs may have suffered by the building of the embankment in front of their house, to the erection of the bridge. All of them said in substance that they could not consider the bridge except in connection with the wall in front of the plaintiffs' property, of which it formed a part. It is unfortunate that by this improvement—the elimination of a series of grade crossings—the plaintiffs' property should suffer damage by the construction of a high wall so near to, and in front of, their house, but no legal right of theirs has been invaded. The court should have affirmed the defendant's seventh point limiting the plaintiffs' damages to those caused by the raising, paving and grading of Water Street, and the jury having found by their verdict that the plaintiffs suffered no damages due to such raising, paving and grading, should have made absolute the rule granted the defendant and entered judgment non obstante veredicto in its favor. The assignments of error are sustained, the judgment is reversed and the record is remitted to the court below with directions to enter judgment in favor of the defendant notwithstanding the verdict.