# Lafean *v.* York County, Appellant.

*Road law—Change of grade—Approach to bridge—Bridge.*

The York county act of February 17, 1860, P. L. 61, " relating to roads and bridges in York county," applies only to the persons whose land has been taken, and affords no remedy for consequential injuries to land not taken, caused by the erection of an approach to a county bridge.

Where proceedings have been instituted under the Act of May 16, 1891, P. L. 75, for the assessment of damages for injuries to land caused by the construction of an approach to a county bridge, and the county commissioners successfully object to the proceedings, upon the ground that the act does not apply, and the landowner then proceeds by an action of trespass and secures a verdict and judgment in his favor after a trial on the merits, the county commissioners cannot object to the judgment on the ground that the plaintiff's proper remedy was under the Act of May 16, 1891, P. L. 75.

Where the erection of a structure in the highway results in the impairment of access to the premises and interference with light, the property owner is entitled to damages for the peculiar injury which he suffers, and it is immaterial that the impairment was a partial and not a total deprivation of access.

As the approach to a bridge is part of a highway, it is not improper to speak of such a structure as occasioning an " elevation of the grade of the highway."

Where property is injured by the construction of an approach to a bridge in the highway, on which the property is situated, the measure of damages is the difference in the market value of the premises immediately before and immediately after the erection of the bridge as affected by its erection only.

*Road law—Practice, C. P.—Taking jury to view the locus in quo.*

In an action against a county to recover damages for injuries to property by reason of the construction of a bridge, the trial court commits no error, in the exercise of a sound discretion, in permitting the jury to be taken to view the locus in quo.

Argued March 12, 1902.    Appeal, No. 27, March T., 1902, by defendant, from judgment of C. P. York Co., Jan. T., 1900, No. 30, on verdict for plaintiff in case of Charles F. Lafean, Jacob Lafean and John R. Lafean, trading as Lafean Brothers *v.* York County.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Trespass to recover damages to real estate.    Before BIT-TENGER, P. J.

At the trial it appeared that plaintiff claimed to recover dam-

ages for injuries to his property by reason of the construction of an approach to a county bridge on College avenue in the city of York.

Plaintiff presented these points :

1. The jury in estimating the amount of damages to the plaintiffs' property, if any, should take into consideration the elevation of the grade of the highway over College avenue, and the obstruction of light and air, as well as the inconvenience to ingress and egress occasioned by the erection of the bridge. *Answer :* This point is affirmed with the qualification that there is no evidence in the case of the exclusion of any air from the premises of the plaintiffs by the erection of the bridge. [1]

4. The mode of ascertaining the damages, if any, is to allow the owners the difference of depreciation in the market value of the property immediately before the construction of the bridge, and immediately after.

In the second line I suppose the words " difference of depreciation " ought to read " difference or depreciation."

Mr. Bair : I think there are two words which could properly be withdrawn,—" of depreciation."

The court : " The difference or depreciation." *Answer :* This point is affirmed. [2]

6. The compensation in this case, if any, must be for all actual damage occasioned by the construction of the bridge. *Answer :* This point is affirmed. [3]

Defendant presented these points.

2. It appearing from the undisputed evidence in this case that no change of grade in College avenue was caused by, or resulted from, the erection of the bridge in question by the county of York ; and it further appearing that said College avenue at the time of erection of said bridge was, and ever since has been, a public street of the city of York, for the condition of which said city is responsible, and not the county of York, there can be no recovery of damages against the county of York by the plaintiffs because of the bridge supports obstructing said street on the side opposite from the plaintiff's premises, and the consequent narrowing of the street, if the plaintiff still have access to their premises along said street sufficient for the transaction of their business, even though it

may not be as convenient as before.  *Answer :* This point is refused. [4]

3. It appearing from the evidence that not only the plaintiffs, but a number of other citizens of the city of York having properties adjoining College avenue at and near to the bridge in question, as well as others doing business in said locality, have used said street in common at and along the portion thereof which was narrowed by construction of said bridge, the plaintiffs are not entitled to recover any damages by reason of the narrowing and obstruction of said street because their inconvenience in their use of said street was common to that of all other citizens using the same, and was not so different in kind and degree as to entitle them to recover in a private action for damages or consequential injuries.  *Answer :* This point is refused. [5]

" 5. The proceedings for the erection of the bridge in question at College avenue having been begun under the act of assembly of February 17, 1860, relating to roads and bridges in York County, and said act providing that viewers appointed to report on public bridges in said county shall assess the damages, if any, suffered by landowners, and providing that exceptions to the report of said viewers may be filed, or a review had, for the assessment of damages ; and it being further provided by the act of May 14, 1874, that all parties injured by the construction of such bridges shall be entitled to an appeal from the assessment of damages of viewers to the court of common pleas of York county, and a trial by jury thereon ; the plaintiffs having failed to procure an assessment of damages by the viewers appointed to report upon this bridge, and having further failed to file exceptions thereto, or to ask for a review for the assessment of damages, and having failed also to take the appeal to which they were entitled from the report of said viewers, are not entitled to recover in this action of trespass for the damages alleged to have been sustained by them, by the construction of said bridge.  *Answer :* This point is refused. [6]

6. The plaintiffs having in their statement claimed damages ensuing from the change of grade in a public street known as College avenue, in the city of York, and there being in said statement no specific claim of damages resulting from

any other specific cause, the plaintiffs cannot recover in this action. Their own testimony shows that there was no change of grade in said College avenue caused by the erection of the bridge in question, and the verdict of the jury should therefore be for the defendant. *Answer :* This point is refused. [7]

7. If the plaintiffs are entitled to any damages by reason of the erection of the College avenue bridge, said damages should have been ascertained by the appointment of viewers under the act of May 16, 1891, or the act of May 5, 1899, if the same were not assessable under the York County act of 1860. The plaintiffs having failed to procure the assessment of damages under either of the acts giving them the right to said assessment, are not entitled to recover in this action of trespass, for, having a statutory remedy for the asssessment of damages, they are not entitled to a trial by jury, except upon an appeal from said assessment as provided by law. *Answer :* This point is refused. [8]

8. Upon the law and the facts of this case, the verdict of the jury should be for the defendant. *Answer :* This point is refused. [9]

The court charged in part as follows :

The county is what is termed by the Supreme Court a quasi corporation, though not such a municipal corporation, as we hold, as brings it within the act of 1891, as to proceedings in damage cases against municipal corporations by the appointment of damage viewers. This action of trespass is the proper and legal proceeding to recover damages to the plaintiffs' property, if any, occasioned by the erection of this bridge; and such damages as we have indicated to you, to which your consideration must be confined, the exclusion of light, and the damages to the property by reason of the narrowing of the street. [10]

Verdict and judgment for plaintiff for $1,220.49. Defendant appealed.

*Errors assigned* were (1–10) above instructions, quoting them. (11) In permitting the jury to view the premises.

*N. M. Wanner* and *H. C. Brenneman,* with them *W. A. Miller,* for appellant.—A property holder cannot recover for incon-

veniences resulting from the narrowing of the street, which are general and common to all citizens using the street: Knowles v. Penna. R. R. Co., 175 Pa. 623; 16 Am. & Eng. Ency. of Law, 971; Gold v. Phila., 115 Pa. 184; Williams v. Sawyers, 155 Pa. 129; Santry v. Penna. Schuylkill Valley R. R. Co., 4 Montg. 144.

Trespass does not lie as an original proceeding to recover such damages, as the statutory remedy must be strictly pursued: Lloyd v. Phila., 17 Phila. 202; Pusey's App., 83 Pa. 67; Chestnut St. Case, 128 Pa. 214; Tourison's App., 171 Pa. 38; Beechwood Ave. Sewer Cases, 179 Pa. 494.

*Robert C. Bair*, with him *James G. Glessner*, for appellee.

OPINION BY RICE, P. J., July 10, 1902:

In August, 1892, the plaintiffs and others petitioned the court of quarter sessions for the appointment of viewers to report upon the location of a bridge across Codorus creek at College avenue in the city of York. Viewers were appointed, who reported in favor of the bridge. In the same year the matter was laid before the grand jury who reported that the proposed bridge should be built by the county. Their report was approved by the court. On June 11, 1896, the county commissioners filed in court their recommendation that the bridge be entered on the record as a county bridge, and in September of that year they contracted for the erection of the abutments and superstructure. This contract contemplated the erection of a bridge at the street grade, but in the same month the county commissioners decided to change the plan from a grade bridge to a bridge spanning not only the creek but the tracks of the Northern Central Railway. This was opposed by the plaintiffs without avail, and the county commissioners entered into a new contract, pursuant to which the bridge was built and completed in 1897 according to the new plan.

The plaintiffs' factory fronts on College avenue, and lies between the creek and the tracks of the Northern Central Railway. The elevated structure in the street, made necessary by the change of plan, is about twenty-five feet high and occupies the whole width of the street in front of the plaintiffs' build-

ing excepting about fifteen feet. The open space is on the plaintiffs' side of the street. The structure is supported by a stone pier near the creek, and by iron pillars or stone at intervals eastward from the pier. Some of these supports are in front of the plaintiffs' property, and one pillar or pier is about twenty feet from their front door.

The plaintiffs claim that this structure interferes with ingress to and egress from their premises, and also with their light and air, and in July, 1899, upon their petition, viewers were appointed under the Act of May 16, 1891, P. L. 75, to assess their damages. In September following the county commissioners obtained a rule to show cause why the appointment of viewers should not be set aside and the proceedings dismissed, alleging as the sole reason that a county is not a municipal corporation within the meaning of the act of 1891, and therefore the act does not provide a remedy for the assessment and recovery of damages caused by the erection of county bridges. Upon argument they convinced the court of the correctness of their position, and accordingly the rule was made absolute. Thereupon the plaintiffs brought an action of trespass, the defendant pleaded the general issue, and after a trial which resulted in a verdict and judgment for the plaintiffs the defendant took this appeal.

It is urged that an action of trespass will not lie in such a case because, in the first place, the local Act of February 17, 1860, P. L. 61, " relating to roads and bridges in York county," and the general Act of June 13, 1874, P. L. 283, entitled " An act for further regulation of appeals from assessment of damages to owners of property taken for public use," provide an adequate and exclusive remedy. The 3d section of the act of 1860 provides, that if the viewers " shall decide in favor of locating a public road or bridge, as the case may be, it is hereby made their duty to obtain from the persons through whose lands the road may pass releases for any damages that may arise to them in opening the same; and in every case where the owner or owners of such land refuse to release their claim to damages it shall be the duty of the said viewers to assess the same, taking into view the advantages as well as disadvantages arising from said location." It is thus seen that the act of 1860 provides only for the assessment of damages accruing

to persons "through whose lands the road may pass." The right of a person, whose land is not taken, to recover damages for consequential injuries caused by the erection of a county bridge is not recognized in the act, as it was not in the constitution in force at the date of its enactment. Prior to the adoption of the constitution of 1874, a person injured in the manner complained of by the plaintiffs was without remedy. But section 8, article 16 of that instrument gave the right to recover damages for such an injury, and until the legislature provided a remedy for the enforcement of the right, a person thus injured was entitled to maintain a common-law action, which, prior to the procedure act of 1887, would have been an action on the case and since that act was an action of trespass. This was decided in Chester County v. Brower, 117 Pa. 647, a case which, so far as the nature of the injury is concerned, is parallel with the present case in every essential particular. See also Delaware County's Appeal, 119 Pa. 159, Miller v. Allentown & Bethlehem Rapid Transit Co., 181 Pa. 622, and Freeland v. Penna. R. R. Co., 197 Pa. 529, 541.

It is urged, in the second place, that if the plaintiffs' damages were not assessable under the York county act of 1860, they should have been ascertained by viewers appointed under the Act of May 16, 1891, P. L. 75. But that act gives the party injured an appeal from the report of viewers and a trial by jury as matter of right. If a report of viewers had been made and the plaintiffs had appealed, the issue would have been the same and it would have been tried in the same court and in the same manner as was this action. When the plaintiffs attempted to pursue the mode prescribed by the act of 1891, the county successfully objected that it was not proper, and thereby compelled the plaintiffs to bring their case directly before the court and jury without a preliminary report of viewers. The present objection goes not to the jurisdiction of the court to try the issue but to the mode by which it was brought before the court, and for that the defendant is responsible. No harm has resulted to the county from the plaintiffs' acquiescence in the ruling made at its instance, and no rule of law or principle of justice requires that they should be put out of court after a fair trial on the merits, because the county now sees fit to take a contrary position. The cases of Ogden v. Philadelphia, 143 Pa. 430

and Wilson v. Scranton, 141 Pa. 621, while not decisive of the question presented here, are pertinent to the question of jurisdiction. Taking this view of the case, it is unnecessary to adopt the conclusion of the court below as to the applicability of the act of 1891, or to discuss that question. The sixth, eighth, ninth and tenth assignments are overruled.

The argument in support of the fourth and fifth assignments of error is based on the erroneous assumption that the inconvenience resulting to the plaintiffs from the erection of the elevated structure are only such as are common to all citizens using the street. The evidence introduced by them tended to show that the access to their premises is impaired and the light interfered with. This peculiar injury differs not merely in degree but in kind from that sustained by them in common with the general public. It is precisely the same kind of injury as that for which recovery was had in Chester County v. Brower, supra. As affecting the right of recovery no distinction can be drawn between a partial and a total deprivation of access; "the impairment of the right is a legal injury differing in degree only from its total destruction:" In re Melon Street, 182 Pa. 397. It is unnecessary to cite other cases to show that the defendant's second and third points were properly refused. These assignments are overruled.

The approach to a bridge is part of the highway; hence it was not improper to speak of this structure as occasioning an "elevation of the grade of the highway over College avenue." In properly estimating the damages to the plaintiffs' property, we do not see how the jury could avoid taking this into consideration, especially in view of that part of the plaintiffs' claim which was based on the fact that the structure, by reason of its height, partially excludes the light from their premises. Therefore, the first assignment is overruled.

The plaintiffs' sixth point (third assignment), while accurate as a general proposition, would have been inadequate if its affirmance had not been accompanied by more specific instructions as to the measure of damages. But this criticism cannot justly be made when the point is read in connection with the answers to the defendants' first and fourth points, the plaintiffs' fourth point and the instructions contained in the general charge. The jury could not have failed to understand that

the true measure of damages was the difference in market value of the premises immediately before and immediately after the erection of the bridge as affected by its erection only. Notwithstanding the very severe criticism of the verdict by the appellants' counsel, we are convinced that if the jury did not apply that rule, it was not because the instructions of the court upon the subject were inadequate or misleading. Nor is the verdict so clearly against the weight of the evidence as to warrant us in concluding that the jury perversely disregarded the instructions of the court. The second and third assignments are overruled.

As the plaintiff's statement is not printed in the appellants' paper-book, as required by our rules, we do not feel called upon to discuss the seventh assignment. It is dismissed.

The only other assignment which requires particular notice is the eleventh, in which complaint is made that the court permitted the jury to be taken to view the locus in quo. Conceding that the Act of May 21, 1895, P. L. 89, does not apply, and that the plaintiffs could not have demanded this as a matter of right, yet it must also be conceded that a view would aid the jury in understanding the testimony, and could not be prejudicial to either party. The application was an appeal to the sound discretion of the trial court and there is nothing whatever in the record which would warrant us in saying that the discretion was improperly exercised. See 10 P. & L. Dig. of Dec. 17119 and 17121; also, Frazee v. Manufacturers Light & Heat Co., ante, p. 420.

The judgment is affirmed.