In re: Petition of Charles Fetherolf, of the Borough of Orwigsburg, Schuylkill County, Pennsylvania, to View and Assess Damages to His Property in Said Borough by Reason of the Construction of State Highway Route No. 141.

*Highways—State highways—Change of road in borough—Counties—Damages—Act of May 31, 1911, P. L. 468, as amended by Act of April 6, 1921, P. L. 107.*

The Secretary of Highways has no authority under the Act of May 31, 1911, P. L. 468, (Sproul Act), as amended by the Act of

April 6, 1921, P. L. 107, to change the lines of location of a public road or street within the limits of a borough. Such change can only legally be made by the proper action of the borough authorities. While the Secretary of Highways has discretionary power to improve a borough street lying between two improved sections of a state highway, such discretionary right of improvement carries with it no authority to ordain or lay out streets, or to change the location of existing streets within a borough. The borough's police power and control over its streets remain unaffected except as to the authority specially committed to the secretary of improving and maintaining, at his discretion, a section of unimproved road in the borough along a designated state highway route.

Where the Secretary of Highways had no power to interfere with the location of the streets in a borough, so as to authorize the diversion of a road in front of the plaintiff's house and the laying out, opening and construction of a new road through his property, the provisions contained in section 16 of the Act of May 31, 1911, P. L. 468, and its amendments, do not furnish an appropriate remedy for the damages which the plaintiff has sustained.

Where the improvement was undertaken with the approval of the borough, which agreed to adopt the lines and grades established by the Secretary of Highways, it would seem that the plaintiff has a full and complete remedy against the borough.

Argued December 3, 1924. Appeal, No. 132, Oct. T., 1924, by County of Schuylkill, from order of Q. S. Schuylkill Co., Miscellaneous Docket Pages 147-148, in re petition of Charles Fetherolf, of the Borough of Orwigsburg, Schuylkill Co., Pennsylvania, to view and assess damages to his property in said Borough by reason of the construction of State Highway Route No. 141. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Exception to report of viewers. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

On exceptions to the report of the board of viewers the court dismissed the exceptions and affirmed the award. The County of Schuylkill appealed.

*Arthur L. Shay,* and with him *C. A. Snyder,* County Solicitor, for appellant.—The secretary of highways having no authority to change the location of streets in a borough, the county is not liable for damages incident to such change: Cumberland County v. Poor Directors, 7 Pa. Superior Ct. 614; Jamison v. Cumberland Co., 48 Pa. Superior Ct. 35; Wagner v. Salzburg Township, 132 Pa. 636; Snively v. Washington Twp., 218 Pa. 249; Dougherty et al. v. Black, 262 Pa. 230.

*J. L. Stauffer,* and with him *Vincent J. Dalton,* for appellee.

OPINION BY KELLER, February 27, 1925:

By virtue of section 8 of the Act of May 31, 1911, P. L. 468, (Sproul Act), as amended by Act of April 6, 1921, P. L. 107, the state highway commissioner undertook to change the lines and location of a public road or street in the Borough of Orwigsburg, in the improvement of State Highway Route No. 141; and in doing so diverted the roadway from in front of the house of Charles Fetherholf to some distance in the rear, and appropriated about two acres of his land. On Fetherholf's application, viewers were appointed under the 16th section of the Act of 1911, as amended by the Act of 1921, aforesaid, to determine the damages which he had sustained. They awarded him damages to be paid by the County of Schuylkill. The county filed exceptions denying any liability. The court of quarter sessions dismissed the exceptions and the county took this appeal.

The Sproul Act, which created our present system of state highways, made a clear distinction between county and township roads forming part of state highway routes therein designated, on the one hand, and roads or streets in cities and boroughs, along said routes, on the other. The former were ordered to be taken over by the state highway commissioner, as directed by the act, and pursuant to such action became state highways, under the

exclusive authority and jurisdiction of the State Highway Department, thereafter to be constructed, improved and maintained by said department at the expense of the Commonwealth; the latter were not, but remained subject to the authority and jurisdiction of their respective municipal authorities, and except as hereinafter referred to, were to be constructed, improved and maintained as theretofore: Dougherty v. Black, 262 Pa. 230, 232. This is evident from the language of the act. The highways designated in the act as state highways are to be taken over by the State Highway Department from the several counties and townships of the State, and be thereafter constructed, improved and maintained by the department at the expense of the Commonwealth; and notice is to be given in writing by the state highway commissioner to the proper officers of the county and township in which any such road lies of his intention to take over the road as a state highway and assume its care and maintenance (section 5). The state highway system is declared to consist of all those existing public roads, thereafter described, which are main traveled roads or routes between county-seats, or leading to the state line, or between principal cities, boroughs and towns; and the roads constituting this system are from the adoption of the act directed to be marked, built, rebuilt, constructed, repaired and maintained by and at the sole expense of the Commonwealth and to be under the exclusive authority and jurisdiction of the State Highway Department (section 6). Section 11 refers to the "highways forming the plan or system of the state highways in the several counties and townships hereinbefore mentioned" and provides that the state highway commissioner in addition to the other powers conferred upon him in the act, "shall enjoy and possess, in the construction and maintenance of highways herein designated as state highways, all the rights and powers conferred by existing laws on supervisors or commissioners in townships in the construction or maintenance of township

roads." And section 17 empowers the state highway commissioner to make regulations governing the use of state highways and provides that no railroad or street railway crossing or any gas or water pipe, electric conduits or other piping, shall be laid upon or in, nor shall any telephone, telegraph or electric light or power poles be erected upon or in any state highway except under such conditions, restrictions and regulations as the department may prescribe and require.

But the surest evidence of such distinction is found in section 10 of the act, the first clause of which reads: "Anything herein contained, or any apportionment of the State into highway districts, shall not be construed as including or in any manner interfering with the roads, streets, and highways in any of the cities, boroughs or incorporated towns of the Commonwealth."

In order to avoid an unimproved gap between two improved sections of state highway, later provisions of the same section provided that, at his discretion, the state highway commissioner might improve or reconstruct a section of road within a borough, forming part of a state highway route, at the expense of the Commonwealth, subject to three conditions: (1) That the street or road was not already improved or reconstructed by the borough according to or in a manner equal to the standards of the State Highway Department; (2) that the borough councils expressly or impliedly consented to such improvement by the State Highway Department; (3) that the failure to improve such road or street would leave an unimproved gap in a continuous improved state highway.[a]   When these conditions are met, the state highway commissioner at his discretion, may,—(he is not obliged to, as with township and county roads),—take over the road—not generally, (as with

Note [a].  The third condition was omitted by the amending Act of June 7, 1917, P. L. 602; and the second by the amending Act of May 18, 1923, P. L. 252, (enacted after this improvement was made). These changes, however, do not affect the main question.

township and county roads)—but for improvement; and when the improvement is completed, the cost of maintenance thereafter is not to be borne by the Commonwealth alone, as in the case of the general system of state highways, but divided equally between the Commonwealth and the borough,[b] if the improvement is not of permanent paving material; and if of brick or other permanent paving material, the cost of repair and maintenance must be borne wholly by the borough. But these provisions in no way detract from or lessen the force of the initial clause of section 10, which forbids any interference by the state highway commissioner with a borough's roads or streets, except as specially permitted by the later provisions of that section. He does not have exclusive authority and jurisdiction over a borough street after it is improved under the act; the powers of a township supervisor do not appertain to him as respects borough roads; he is not the authority to decide whether gas and water pipes, telephone and electric light poles shall be placed in or upon a borough's streets. The act does not clothe him with the same power and authority over borough streets, even along state highway routes, which it gives to him over state highways ordered to be taken over from counties and townships. The borough's police power and control over its streets remain unaffected except as to the authority specially committed to the commissioner of improving and maintaining, at his discretion, (Act of May 18, 1923, supra, p. 254), a section of unimproved road in the borough along a designated state highway route.

But this discretionary right of improvement carries with it no authority to ordain or lay out streets, or to change the location of existing streets, within a borough. By no possible theory of interpretation can such a power be implied. Even the broad and comprehensive powers

---

Note [b]. Now 90% by the Commonwealth and 10% by the borough, Act of May 18, 1923, supra.

granted the state highway commissioner over state highways, formerly county or township roads, (see sections 5 and 6), did not include or imply authority to open and lay out new roads or change the lines and location of existing highways. That power was conferred on the state highway commissioner by section 8 of the Sproul Act, and without that express grant of authority, he would have had no power to change the course of a road without application to and the approval of the court of quarter sessions. Even the power granted by section 8, to divert the course of a state highway, does not cause a vacation of the old road: Saeger v. Com., 258 Pa. 239.

Section 16 of the Sproul Act, as amended by Act of April 6, 1921, P. L. 107, (still further amended by Act of May 23, 1923, P. L. 341), provides the method of ascertaining the damages accruing to an abutting landowner from a taking of his land though a change of lines and location by the state highway commissioner, under section 8 aforesaid, and has no other application: State Highway Route No. 72, 71 Pa. Superior Ct. 85, 265 Pa. 369. It provides for notice to the county commissioners in order that they may agree with the abutting landowner whose property is taken, as to the damages sustained by him; but the state highway commissioner is given power to proceed with the work if such agreement cannot be made and the county commissioners have no voice in deciding whether the work shall be done. Their only function is to pay, on behalf of the county, such damages as may finally be determined by viewers appointed by the court of quarter sessions, or by a jury on appeal, to be payable to the injured property owner.

But by the express provisions of section 10, the powers granted the state highway commissioner under section 8 aforesaid are not to include any authority on his part to interfere with the roads, streets and highways of boroughs. Under the law the borough council alone has power to ordain and lay out new streets and to change the lines and location of existing streets, except when

they form part of a through highway, and then this power is shared concurrently with the court of quarter sessions: McCall v. D., L. & W. R. Co., 71 Pa. Superior Ct. 508. This power has not been expressly or impliedly taken away from the borough authorities and lodged in the state highway commissioner. On the contrary it is expressly and particularly preserved to the borough and withheld from the commissioner.

As section 16 of the Sproul Act applies only to proceedings taken by the state highway commissioner, pursuant to section 8, and as section 8 is not applicable to boroughs, it follows that it is not the method for assessing damages for land taken in the laying out or changing the location of a borough's roads and streets. For land taken pursuant to action of borough council, the borough alone is responsible: McCall v. D., L. & W. R. Co., supra, p. 517; if the proceeding is taken in the quarter sessions, the viewers and the court pass upon the necessity of the change of road as well as the damages, and the county is entitled to be heard on both aspects of the proceeding before being called upon to pay the damages.

On full and careful consideration of the case we are of opinion that the Act of 1911 and its amendments gave the state highway commissioner no power to interfere with the location of streets and roads in the Borough of Orwigsburg, so as to authorize his diversion of the road in question from the front of the appellee's house and the laying out, opening and construction of a new road through his property; and that section 16 in consequence does not furnish the appropriate remedy for the damages he has sustained. As the record shows that the improvement was undertaken with the approval of the borough, which agreed to adopt the lines and grades established by the State Highway Department, it would seem that he has a full and complete remedy against the borough: County of Chester v. Brower, 117 Pa. 647; Freeland v. Penna. R. Co., 197 Pa. 529, 541; Lafean v.

York County, 20 Pa. Superior Ct. 573; Shobert v.
Bloomsburg, 74 Pa. Superior Ct. 246, 249.

The order of the court below is reversed at the costs
of the appellee.

