## Miles v. Milesburg Borough et al.

*A. C. Dale*, for plaintiff; *J. K. Johnston*, for defendant.

FLEMING, P. J., Sept. 12, 1929.—The plaintiff seeks to restrain the defendants from taking a portion of the plaintiff's land, situate in the Borough of Milesburg, for use in the building of State Highway Route No. 219. On Aug. 20, 1929, a preliminary injunction was awarded and hearing thereon fixed for Monday, Aug. 26, 1929. At that time, the Hon. A. R. Chase, of the 46th Judicial District, presided in our absence, dismissing preliminary objections to plaintiff's bill and directing that defendants answer over and that the

County of Centre be made a party defendant and be also required to answer, final hearing to follow on Wednesday, Sept. 4, 1929. All parties have answered, and the questions now before us are:

1. Does the Secretary of Highways have authority to change existing lines in boroughs or to widen streets therein?

2. Are counties responsible in damages to the owner thereof for lands taken within boroughs for purpose of changing lines or widening streets?

3. If counties are not so liable for taking of such lands, what, if any, are the obligations of the borough therein?

4. Does the plaintiff have an adequate remedy at law for a recovery of damages for land so taken?

To properly consider these questions, we have reached the following

## Findings of fact.

1. The plaintiff, O. E. Miles, is a citizen and resident of the Borough of Milesburg and is the owner of real estate situate on Water Street in said borough.

2. The Borough of Milesburg is a municipal corporation, subject to the provisions of the General Borough Act, approved May 4, 1927, P. L. 519.

3. The Lord Construction Company is the contractor employed by the Pennsylvania Department of Highways for the construction of certain improvements on Route 219. Scholl Brothers are sub-contractors employed in such work.

4. That Route 219 extends from Clearfield to Lock Haven—commencing in Clearfield, and running over routes 57 and 313 to Kylertown; thence by way of Drifting to a point on the dividing-line between Clearfield and Centre Counties; thence by way of Moshannon, Snow Shoe, Runville, Milesburg and Howard to a point on the dividing-line between Centre and Clinton Counties; thence by way of Beech Creek to a point on the boundary-line of the City of Lock Haven, Clinton County: Act of May 14, 1925, § 1, P. L. 708, amending section 6 of the Act of May 31, 1911, P. L. 468, as amended by the Act of June 21, 1919, § 1, P. L. 556.

5. That in the reconstruction of said Route 219 it is proposed to use Water Street in said Borough of Milesburg, a street not heretofore used in said route.

6. That at the point where plaintiff's land begins at the southwest corner thereof, Water Street is narrowed to a width of sixty feet and it is proposed to take a strip of plaintiff's land thirty feet wide and approximately 150 feet long for the construction of said Highway Route 219.

7. That the Borough Council of the Borough of Milesburg, by Ordinance approved May 22, 1929, have approved and established the lines, grades, drainage structures and all other structures appearing on the plans of the Department of Highways of the Commonwealth of Pennsylvania showing proposed improvement on Water Street in said borough.

8. That the said Borough of Milesburg has not agreed with plaintiff upon damages for the taking of his land, nor has said borough tendered security to said plaintiff therefor.

9. That the Secretary of Highways has not caused a description or plan of the proposed improvement within the said borough to be recorded in the Office of the Recorder of Deeds in and for the County of Centre.

10. That the Secretary of Highways has not notified the County Commissioners of Centre County, in writing, of the contemplated change other than in the submission of blue-prints covering the whole improvement within the county.

11. That no agreement as to damages satisfactory to the county commissioners has been had with the plaintiff, nor have the county commissioners agreed that the Secretary of Highways may proceed with the work in said borough, nor have they approved the change of lines or width of said Water Street in any way.

### Discussion.

The gist of this controversy lies in a dispute between the Borough of Milesburg and the County of Centre as to which shall answer to this plaintiff for his certain damage. The Borough of Milesburg has ordained the lines, grades, drainage structures and all other structures appearing on the plans of the Department of Highways. This includes the widening of Water Street along plaintiff's land, which widening will result in the taking of plaintiff's land. Such municipal action is, in effect, the ordaining of the widening of the street and the exercise of its right of eminent domain to procure from the plaintiff enough land to constitute the new width.

Judge Keller, in Fetherolf's Petition, 84 Pa. Superior Ct. 514 (1925), held that the Secretary of Highways has no authority under the Act of May 31, 1911, P. L. 468 (Sproul Act), as amended by the Act of April 6, 1921, P. L. 107, to change the lines of location of a public road or street within the limits of a borough. Such change can only legally be made by the proper action of the borough authorities. While the Secretary of Highway has discretionary power to improve a borough street lying between two improved sections of a State highway, such discretionary right of improvement carries with it no authority to ordain or lay out streets or to change the location of existing streets within a borough. The borough's police power and control over its streets remain unaffected except as to the authority specially committed to the Secretary of improving and maintaining, at his discretion, a section of unimproved road in the borough along a designated State highway route. Where the Secretary of Highways has no power to interfere with the location of the streets in a borough, so as to authorize the diversion of a road in front of the plaintiff's house and the laying out, opening and construction of a new road through his property, the provisions contained in section 16 of the Act of May 31, 1911, P. L. 468, and its amendments, do not furnish an appropriate remedy for the damages which the plaintiff has sustained. Where the improvement was undertaken with the approval of the borough, which agreed to adopt the lines and grades established by the Secretary of Highways, it would seem that the plaintiff has a full and complete remedy against the borough.

This was held, by Justice Schaffer, in Blainesburg-West Brownsville Road, 293 Pa. 173 (1928), to be the rule controlling that case, and in Westmoreland Chemical and Color Co. v. Public Service Commission, 294 Pa. 451 (1928), a similar construction appears, Justice Kephart saying, in part: "For all purposes, the street was still a borough street, the county had no power to interfere with the location of the street in a borough; it had no power to lay it out, open or, of its own motion, construct the road; that right remained in the borough, and that municipality was liable under its existing statutes for consequential injuries attaching to the borough through precedent legislation."

In the instant case, the borough authorities and the Secretary of Highways have no conflict. The latter has prepared plans which include the widening of Water Street and the borough has approved such plans by specific corporate action. The plaintiff is to be deprived of his land and may suffer consequen-

tial damages by the road improvement. Who shall answer to him for the same? Does the plaintiff have an adequate remedy at law?

Counsel for the defendant borough contends that by virtue of the Act of Assembly approved May 7, 1929, P. L. 1596, the County of Centre is liable for such damages and that the municipality is relieved thereby. It is further contended, based upon such preliminary contention, that the plaintiff has an adequate remedy at law by virtue of section 3 of such act.

We must bear in mind the rule in the cases cited above in determining what liability would attach to the county at least up to the passage of the Act of 1929. In Fetherolf's Petition, 84 Pa. Superior Ct. 514, 520, Judge Keller says:

"But by the express provisions of section 10 [he is referring to the Sproul Act and its amendments] the powers granted the State Highway Commissioner under section 8 aforesaid are not to include any authority on his part to interfere with the roads, streets and highways of boroughs. Under the law, the borough council alone has power to ordain and lay out new streets and to change the lines and location of existing streets, except when they form part of a through highway, and then this power is shared concurrently with the Court of Quarter Sessions: McCall v. D., L. & W. R. R. Co., 71 Pa. Superior Ct. 508. This power has not been expressly or impliedly taken away from the borough authorities and lodged in the State Highway Commissioner. On the contrary, it is expressly and particularly preserved to the borough and withheld from the commissioner.

"As section 16 of the Sproul Act applies only to proceedings taken by the State Highway Commissioner, pursuant to section 8, and as section 8 is not applicable to boroughs, it follows that it is not the method for assessing damages for land taken in the laying out or changing the location of a borough's roads and streets. For land taken pursuant to action of borough council, the borough alone is responsible: McCall v. D., L. & W. R. R. Co., supra, page 517; if the proceeding is taken in the Quarter Sessions, the viewers and the court pass upon the necessity of the change of the road as well as the damages, and the county is entitled to be heard on both aspects of the proceeding before being called upon to pay the damages.

"On full and careful consideration of the case, we are of the opinion that the Act of 1911 and its amendments gave the State Highway Commissioner no power to interfere with the location of streets and roads in the Borough of Orwigsburg so as to authorize his diversion of the road in question from the front of the appellee's house and the laying out, opening and construction of a new road through his property; and that section 16 in consequence does not furnish the appropriate remedy for the damages he has sustained. As the record shows that the improvement was undertaken with the approval of the borough, which agreed to adopt the lines and grades established by the State Highway Department, it would seem that he has a full and complete remedy against the borough: County of Chester v. Brower, 117 Pa. 647; Freeland v. Pennsylvania R. R. Co., 197 Pa. 529, 541; Lafean v. York County, 20 Pa. Superior Ct. 573; Shobert v. Bloomsburg, 74 Pa. Superior Ct. 246, 249."

In the case decided by Judge Keller's opinion, quoted above, the viewers had awarded damages to be paid by the county. On exceptions to the report of viewers, the court dismissed such exceptions and affirmed the award. The county appealed and the decision of the lower court in refusing to sustain the exceptions and dismissing the award was reversed. Does the Act of May 7, 1929, P. L. 1596, in any way change the rule?

We have seen that prior to 1929 the authority of the Secretary of Highways, except in instances wherein the matter before us cannot be classified,

ceased at the borough-line and that boroughs which had approved plans, etc., submitted by the Secretary of Highways were answerable to damaged parties. The counties were liable, under the Sproul Act and its amendments, in townships, but not in boroughs. The Act of May 7, 1929, P. L. 1596, provides a method by which counties may, at their option, assist in highway improvements within boroughs in the same manner as they have heretofore assisted in townships, provided the Secretary of Highways shall have performed certain preliminary acts. These preliminary acts are: (1) Determine that a present road in a borough is *(a)* dangerous, or *(b)* inconvenient to the traveling public, either by reason of width, grades, dangerous turns or other local conditions, or *(c)* that the Commonwealth's expense in construction or maintenance and repair will be too great or unreasonable and could be materially reduced or lessened by a divergence from the existing road; (2) obtain approval of the Governor and the commissioners of the proper county for the establishment of the width or lines of such State highway within a borough; (3) cause a description and plan thereof to be made, acknowledged and recorded in the office of the recorder of deeds. Until these prerequisites have been fully met, the county is no more a party to damages within the borough than it was prior to the passage of said act.

The Secretary of Highways may have made a determination within the first requisite named above, but we have not been informed as to its nature, and from our personal knowledge of Water Street and the general geography of that portion of Milesburg Borough, we cannot even make an intelligent guess, for there appears to be no good reason for this location of the proposed improvement. We are certain, however, that the county commissioners have not approved this change of location or widening of the street. The Governor approved it, but the commissioners did not, and the act plainly states that it must be approved both by the Governor and the county commissioners. Had the commissioners approved such change of location, the provisions of section 3 would have obligated them to negotiate with abutting property owners as to damages. Even so, the act further provides that when no agreement satisfactory to the county commissioners and said owners is made, the Secretary of Highways may not proceed with the work of construction and improvement unless the commissioners agree that he may do so. We have likewise found as a fact that they have not so agreed.

It further appears that the Secretary of Highways has not complied with section 2 of said act in causing a description and plan to be made, acknowledged by him and recorded in the office of the recorder of deeds.

The record, in its entirety, shows clearly that the County of Centre at no time has indicated its willingness to be bound for damages within Milesburg Borough. Until the County of Centre has so agreed and the Secretary of Highways has complied with the Act of May 7, 1929, P. L. 1596, the rule remains as expressed by Judge Keller in Fetherolf's Estate, *supra*. Using Judge Keller's words in the instant case, "as the record shows that the improvement was undertaken with the approval of the borough, which agreed to adopt the lines and grades established by the State Highway Department [now the Department of Highways], it would seem that he [in this case O. E. Miles, the plaintiff] has a full and complete remedy against the borough," and that the County of Centre is not liable.

We must, therefore, consider whether plaintiff actually has an adequate remedy at law against the Borough of Milesburg in this case. Being subject to the General Borough Act, approved May 4, 1927, P. L. 519, we conclude that the corporate action taken by such borough on May 22, 1929, whereby it

approved, by ordinance, all of the plans of the Department of Highways, which plans include the taking of plaintiff's land, was taken pursuant to section 1401 of said General Borough Act. By such section the borough is accorded the right of eminent domain in the widening of its streets. The land sought to be taken from plaintiff does not come within the restrictions mentioned in section 1402 of said act. The procedure is proper thus far. Section 1403, however, requires the borough to tender to the plaintiff a bond to secure payment of damages, and until such bond is accepted by the plaintiff, or, being refused by him, is approved by and filed in court, the borough has no legal right to enter upon plaintiff's lands. To do so without first complying with section 1403 of the Act of May 4, 1927, P. L. 519, would, beyond question, constitute trespass upon the part of the borough. Will equity restrain such threatened trespass?

No question whatever has arisen in regard to plaintiff's title to the lands proposed to be taken. They are admittedly his, and in an action of ejectment a verdict would undoubtedly be directed for him. When, upon a bill in equity to restrain a threatened trespass to land, the title of complainant is so clearly shown that in a trial in ejectment a verdict would be directed for him, a preliminary injunction will be continued: Unangst v. Railway Co., 9 North. 105. Further, it has been held that where the fact of long and continuous peaceable possession by the plaintiff is not denied by the defendant, equity will enjoin the defendant's acts looking to permanent possession of the land until his alleged right in law is established: Coal Co. v. Savage, 4 Dist. R. 557. A trespass of a permanent nature, destructive of the leasehold, will be enjoined: Allison's Appeal, 77 Pa. 221. Equity will enjoin such a permanent and continuing trespass as the construction and maintenance of a log slide over another's land: Proctor v. Campbell, 1 Wilcox, 270, 6 Pa. C. C. Reps. 531. The court will restrain the laying of a pipe-line, without compensation, as an injury for which an action at law would not give a complete remedy: Sterling's Appeal, 111 Pa. 35. Equity will restrain a railroad company from entering on plaintiff's land by repeated trespasses and erecting an abutment of a bridge and roadbed thereon: McConahy v. Railroad Co., 31 Pa. Superior Ct. 215. We, therefore, reach the following

### Conclusions of law.

1. That the Secretary of Highways does not have authority to change existing lines in boroughs or to widen streets therein until he has fully complied with the provisions of section 1 and section 2 of the Act of May 7, 1929, P. L. 1596.

2. That counties are not responsible in damages to the owner thereof for lands taken within boroughs, in the change of lines or in the widening of streets, unless the commissioners of such counties, jointly with the Governor, have approved the plans submitted by the Secretary of Highways, and then not until the said Secretary of Highways has fully complied with the provisions of section 1 and section 2 of the Act of May 7, 1929, P. L. 1596.

3. That until the county commissioners of the proper county, jointly with the Governor, have approved the plans for the change of lines or the widening of streets within boroughs, and until the said county commissioners have authorized the Secretary of Highways to proceed with the work of construction or improvement, the borough is liable for damages to owners whose lands have been taken in the change of lines or the widening of streets within such borough.

4. That the defendant, the Borough of Milesburg, has failed to comply with the provisions of the Act of May 4, 1927, P. L. 519, providing for the exercise of the right of eminent domain by boroughs in the change of lines or widening of Water Street in said borough.

5. That any taking of plaintiff's lands by the defendant Borough of Milesburg without having first complied with said Act of May 4, 1927, P. L. 519, would constitute a continuing trespass on the part of said borough for which plaintiff would have no adequate remedy at law.

6. That equity will enjoin such trespass.

We, therefore, enter the following

### Decree nisi.

And now, Sept. 12, 1929, after hearing, it is directed that the injunction heretofore granted against the Borough of Milesburg, Lord Construction Company and Scholl Brothers continue preliminarily for ten days from this date, unless the said Borough of Milesburg shall, within said time, tender to O. E. Miles, plaintiff, a bond as prescribed by section 1403 of the Act of May 4, 1927, P. L. 519, to secure damages, whereupon, if such bond be accepted, or, being rejected by said O. E. Miles, plaintiff, be approved by and filed in court as prescribed by said Act of May 4, 1927, P. L. 519, the said injunction shall be dissolved. Otherwise, by virtue of the default of said Borough of Milesburg in filing such bond as directed, to forthwith become permanent. Costs, in either instance, to be paid by the Borough of Milesburg, defendant.

From S. D. Gettig. Bellefonte, Pa.