## Fornance *v.* Montgomery County, Appellant.

Argued January 17, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Henry M. Brownback,* with him *Russell J. Brown-
back,* for appellant, cited:  Fetterolf's Petition, 84 Pa.
Superior Ct. 514, 520;  Penn Builders, Inc., v. County,
302 Pa. 300;  Prager v. County, 48 Pa. Superior Ct. 140;
Mensch v. County, 4 Pa. D. & C. 223.

The right of the county to appeal in state highway
cases is expressly given by the Act of May 23, 1923, P. L.
341.

When the legislature passed the Act of 1929 it must necessarily have referred to acts in force at that time: Wright v. County, 101 Pa. Superior Ct. 87.

*Aaron S. Swartz, Jr.,* with him *Samuel H. High, Jr., Louis M. Childs, 2d, John M. Dettra* and *Samuel H. High,* for appellee, cited: Fetherolf's Petition, 84 Pa. Superior Ct. 514; Ruler v. County, 290 Pa. 427; State v. Highway Route No. 72, 71 Pa. Superior Ct. 85.

OPINION BY MR. JUSTICE DREW, March 20, 1933:

The secretary of highways, under authority conferred upon him by the Act of May 7, 1929, P. L. 1596, relocated a part of State Highway No. 146 in the Borough of Norristown, taking thereby about an acre of plaintiff's land. As provided by the act, plaintiff petitioned the Court of Quarter Sessions of Montgomery County for the appointment of viewers to ascertain and assess the damages he had sustained. Viewers were appointed and, on February 13, 1931, made their report to the court, awarding plaintiff $45,010 damages. On February 24, 1931, before the final confirmation of the report, the County of Montgomery, upon which the burden of paying the damages rested, appealed from the award to the Court of Common Pleas. On motion of plaintiff, the appeal was quashed, on the ground that the county had no right of appeal to the Court of Common Pleas. From that order, the county took this appeal. The only question for our determination is whether the county had a right to such an appeal.

Our present system of state highways was created by the Act of May 31, 1911, P. L. 468, usually referred to as the Sproul Act. It is a general act of broad powers creating a state highway department for the building of a state highway system, under the control of the state itself. Section 16 provided for the ascertainment and assessment of damages to be paid for property taken, which damages were to be paid by the Commonwealth.

This was changed by the Act of July 18, 1917, P. L. 1040, and the Act of April 6, 1921, P. L. 107, by placing such damages upon the counties in which the highways were located. Section 16 was again amended by the Act of May 23, 1923, P. L. 341, so as expressly to give the county, upon which the burden of paying the damages fell, the right of appeal to the court of common pleas, in these words: "The county commissioners, or any other party to such proceedings, may appeal from the award of the viewers to the court of common pleas, and shall be entitled to a trial by jury."

The Sproul Act, however, did not confer upon the state highway department authority over those parts of the state highway system located within cities, boroughs, and incorporated towns. As a result, the state highway department had no power to change the lines or location of a public road or street, part of a state highway, within the limits of a borough: Fetherolf's Petition, 84 Pa. Superior Ct. 514. This authority was given by the Act of 1929, supra. That act (section 3) provides that if the damages to abutting property are not settled by agreement between the county commissioners of the county in which the highway is located and the landowner, the latter may present a petition to the court of quarter sessions for the appointment of viewers to ascertain and assess such damages, and that "The proceedings upon said petition and by viewers shall be governed by existing laws relating to the ascertainment and assessment of damages for opening public highways, and such damages, when ascertained, shall be paid by the county."

This Act of 1929 was clearly intended to supplement the Sproul Act. It gave the state highway department powers over that part of the state highway system located in boroughs which were similar to those it already possessed over state highways outside cities, boroughs, and incorporated towns. It merely extended certain powers of the state highway department to a new subject—those parts of state highways within boroughs. It

must be admitted that the Sproul Act is a general act for the building and maintenance of state highways, and that since its passage in 1911 the policy of the legislature has been to bring all provisions for the construction and maintenance of state highways within one general system of law. When, therefore, the legislature provided that the proceedings upon a petition for the ascertainment and assessment of damages under the Act of 1929 should be governed by existing laws "for opening public highways," the existing law to which it referred, so far as we are now concerned, was section 16 of the Sproul Act, as amended by the Act of 1923, which expressly grants to the county a right to "appeal from the award of the viewers to the court of common pleas." We have no doubt that under this provision, in the instant case, the county had a right to such an appeal. We think, too, that it was not improper to take the appeal after the filing of the report, and before its confirmation. The Act of 1923 expressly states that the appeal may be taken from the "award" of the viewers, and does not require that it be taken after confirmation. "Award" and "report" in viewers' proceedings are synonymous, and were so considered by Mr. Justice MITCHELL in the case of Vernon Park, 163 Pa. 70.

The learned court below held that the expression, "the proceedings upon said petition and by viewers," in the Act of 1929, refers only to the procedural steps taken in the court of quarter sessions and before the viewers, and is not broad enough to cover an appeal to the court of common pleas, and that, therefore, the "existing laws" by which the act provides that such proceedings shall be governed are only those statutes regulating the viewers' proceedings and the action of the court of quarter sessions thereon. With this interpretation we cannot agree. We think it entirely too narrow. An appeal to the court of common pleas is just as much a proceeding upon the petition as anything done in the court of quarter sessions. By the presenting of a petition to the latter

court, the machinery for the ascertainment and assessment of damages is set in motion, and the resulting steps are proceedings upon the petition. This includes, we think, an appeal to the court of common pleas.

The order of the court below is reversed at the cost of appellee, and the appeal of the County of Montgomery from the award of viewers in the Court of Quarter Sessions of Montgomery County is reinstated.