# Farmers Trust Co. v. Cumberland County Commissioners et al.

F. J. Templeton, for petitioner.

L. Floyd Hess, for respondents, Cumberland County Commissioners.

E. Mode Vale, for respondent, Camp Hill Borough.

REESE, P. J., June 7, 1933.—Farmers Trust Company, of Carlisle, Penna., has filed its petition under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, praying the court to determine whether the County of Cumberland or the Borough of Camp Hill is responsible in damages to the petitioner for that portion of its land taken in the change of the lines and width of a section of State highway route no. 708 within the limits of the Borough of Camp Hill. The determination of this question involves the construction of certain statutes and municipal ordinances, and the parties have therefore stipulated that the court shall render a declaratory judgment. From the averments of the petition, to which no answer was filed by either the county or the borough, and from the stipulation of the parties, we make the following

### Findings of fact

1. Farmers Trust Company is a corporation existing by virtue of the laws of Pennsylvania, has its principal place of business in the Borough of Carlisle, in this county, and is the owner of real estate situate on the northwest corner

of Market and Thirty-second Streets in the Borough of Camp Hill, in this county.

2. By the Act of June 26, 1931, P. L. 1406, amending the Act of May 5, 1927, P. L. 787, State highway route no. 708 was established as follows: "Beginning at a point in Wormleysburg, where Walnut Street intersects with State highway route number thirty; thence westerly through a granted right of way of one hundred feet in width to a point on Seventeenth Street in the borough of Camp Hill; thence westerly and southerly to an intersection with State highway route number thirty-four at Oyster's Point."

3. Oyster's Point is the intersection of Market and Thirty-second Streets in the Borough of Camp Hill, and the land of the petitioner is on the northwest corner of said intersection.

4. Route 708 is partly within the Borough of Wormleysburg, partly in East Pennsboro Township, and partly in the Borough of Camp Hill.

5. A portion of Thirty-second Street in the Borough of Camp Hill, on which the petitioner's land abuts, is a part of route 708.

6. Route 708 was adopted by the Department of Highways on September 1, 1931, and the lines and location thereof were fixed by a plan approved by the Secretary of Highways on March 9, 1932, and by the Governor on March 15, 1932.

7. The Department of Highways, by letters dated March 21, 1932, notified the Commissioners of Cumberland County, the council of the Borough of Wormleysburg, and the council of the Borough of Camp Hill of the adoption on September 1, 1931, of route 708, attaching to said letters copies of the plan approved by the Secretary of Highways on March 9, 1932, and by the Governor on March 15, 1932. The said letters advised that the Department of Highways had assumed responsibility for the maintenance of route 708 as adopted.

8. Thereafter, the Department of Highways prepared plans which changed the location, width, and lines of route 708 as theretofore adopted, and more particularly showed proposed changes in the location, width, and lines of that portion of Thirty-second Street in the Borough of Camp Hill which was a part of route 708.

9. A copy of said plan was submitted to the Commissioners of Cumberland County for their approval on or about September 28, 1932, and on October 5, 1932, the commissioners adopted a resolution which provided, inter alia: "We . . . are satisfied with the said plans and agree that the Department of Highways may proceed with the construction of said highway and that the County of Cumberland will assume the payment of damages which may occur in the course of the construction of said highway in accordance with the aforesaid plans, which liability shall extend only to liability for property damages with which the said County of Cumberland may be legally and properly charged, but in no event shall said liability for property damages, occasioned as aforesaid, be construed to include, or be extended to include, property damages which may be occasioned by reason of said construction within the limits of either the Borough of Wormleysburg or the Borough of Camp Hill through which said proposed route passes."

10. The plans submitted to the Commissioners of Cumberland County as aforesaid contained, inter alia, the following pertinent notations:

"Drawings for construction and condemnation of right of way, except in the Boroughs of Wormleysburg and Camp Hill, route 708 . . . .

"Established by authority of law as and for the width, lines, locations, and grades of said highway route no. 708, Cumberland County . . . except as to

the portion within the limits of the Borough of Wormleysburg . . . and the portion within the limits of the Borough of ·Camp Hill. . . .

"The Cumberland County Commissioners to remove all buildings necessary for the construction of this project, except in the Boroughs of Camp Hill and Wormleysburg, where the removal of the buildings necessary to construct the project shall be made by the respective borough officials."

11. The said plans, however, did show the proposed location, width, and lines of the portions of said route no. 708 within the limits of the Boroughs of Wormleysburg and Camp Hill.

12. The said plans, changing the location, width, and lines of route no. 708, as aforesaid, were approved by the Secretary of Highways on October 11, 1932, and by the Governor on October 13, 1932.

13. The said plans were submitted to the burgess and council of the Borough of Camp Hill on or about November 16, 1932, and the borough council enacted an ordinance which became effective upon the approval of the burgess on November 22, 1932, and which provided, inter alia: "Be it enacted and ordained by the Council of the Borough of Camp Hill, and it is hereby enacted and ordained by authority of the same, that the lines, grades, courses, distances, drainage structures, and all other structures shown on the plans prepared and submitted by the Department of Highways as aforesaid [referring to the plans for route no. 708], be and the same are adopted and are hereby enacted and ordained as and for the true and proper lines, grades, courses, distances, drainage structures, and other structures of and for North Thirty-second Street, as shown on the said plans."

14. A copy of said plans, showing the approval of the Secretary of Highways and the Governor, was delivered to the Commissioners of Cumberland County and placed by them in a book kept by them for that purpose, which book was kept in the office of the recorder of deeds for safekeeping.

15. The said plans were not acknowledged by the Secretary of Highways, nor were the plans recorded in the office of the Recorder of Deeds·of Cumberland County in the book kept for that purpose by the recorder of deeds.

16. The work on the project was begun on or about December 1, 1932, and Thirty-second Street in the Borough of Camp Hill has been widened in accordance with said plans, with the result that 1,335 square feet of the petitioner's property has been taken.

17. The petitioner, being unable to agree with the Commissioners of Cumberland County or with the Council of the Borough of Camp Hill upon the amount of damages sustained by reason of the said taking, presented its petition to the court of quarter sessions praying for the appointment of viewers to assess the damages, and that court thereupon appointed viewers.

18. The parties hereto were unable to agree as to the construction and effect of the statutes applicable to the situation, of the resolution adopted by the Commissioners of Cumberland County on October 5, 1932, and of the ordinance of November 22, 1932, enacted by the burgess and Council of the Borough of Camp Hill.

19. The Commissioners of Cumberland County contend that the damages sustained by the petitioner are to be paid by the Borough of Camp Hill, and the burgess and council of the borough contend that the damages are to be paid by Cumberland County.

### Discussion

Under the Sproul Act of May 31, 1911, P. L. 468, and its various amendments, creating our present system of State highways, there is a clear distinction between county and township roads forming part of State highway routes

therein designated, on the one hand, and roads or streets in cities or boroughs on the other. Section 8 of the Sproul Act and its amendments empowers the Secretary of Highways to change, alter, or establish the width, lines, location, or grades of State highways. "State highways", as used in section 8, means those county or township roads designated by the legislature and adopted by the Department of Highways as State highways. Section 16 of the Sproul Act and its amendments provides the methods of ascertaining the damages accruing to an abutting landowner from a taking of his land through a change of lines and location by the Secretary of Highways under section 8. Section 16 also provides for the payment of such damages by the county.

Under the Sproul Act and its amendments, the Secretary of Highways has no authority or power to change the lines, width, or location of a road or street within the limits of a borough, even though such road or street is part of a State highway: Fornance v. Montgomery County, 311 Pa. 18, 20. So far as the Sproul Act is concerned, such changes can legally be made only by the proper action of the borough authorities, and the borough's control over its streets remains unaffected by the Sproul Act except as to the authority specially committed to the Secretary of Highways to improve and maintain borough streets forming continuations of State highways.

The foregoing views were fully set forth in Fetherolf's Petition, 84 Pa. Superior Ct. 514. In that case the Secretary of Highways undertook to change the lines and location of a borough street in the improvement of a State highway, and in so doing appropriated some of the petitioner's land. The Superior Court held, as hereinbefore set forth, that the Sproul Act and its amendments gave the Secretary of Highways no power to interfere with the location of streets and roads in the borough; that section 16, supra, did not furnish the appropriate remedy for the damages sustained by the petitioner, and that therefore the county was not liable, but that because the improvement was undertaken with the approval of the borough, which agreed to adopt the lines and grades established by the Department of Highways, the borough was liable for the damages. See also Blainesburg-West Brownsville Road, 293 Pa. 173, 178-179; Armstrong's Petition, 10 D. & C. 528; Fornance v. Montgomery County, supra.

We may, therefore, adopt what was said in Miles v. Milesburg Borough et al., 13 D. & C. 416, 419, 420: "We have seen that prior to 1929 the authority of the Secretary of Highways, except in instances wherein the matter before us cannot be classified, ceased at the borough-line and that boroughs which had approved plans, etc., [changing the lines, width and location of borough streets] submitted by the Secretary of Highways were answerable to damaged parties. The counties were liable, under the Sproul Act and its amendments, in townships, but not in boroughs."

But it is pointed out that recent legislation empowers the Secretary of Highways to change, alter, or establish the width, grades, or lines of any State highway in a borough, Fornance v. Montgomery County, supra, and provides a method by which counties may, at their option, assist in State highway improvements within boroughs in the same manner as they have heretofore assisted in townships. These provisions are first found in the Act of May 7, 1929, P. L. 1596. By the Act of June 23, 1931, P. L. 920, the Act of 1929 was repealed, but its provisions were reënacted with a few minor changes which do not in any manner affect the question here to be decided.

No reported case has been found construing the Act of June 23, 1931, P. L. 920. But since its provisions are identical, so far as the present controversy is concerned, with those of the repealed Act of May 7, 1929, we feel justified, in

order to construe the Act of 1931, in following the construction of the Act of 1929 in Miles v. Milesburg Borough et al., 13 D. & C. 416.

Each of these acts provides for the relocation and change of width and lines of State highways in boroughs by the Secretary of Highways, with the approval of the Governor and the commissioners of the proper county, and for the payment of damages occasioned thereby by the county. Each of the acts provides that certain preliminary acts be done by the Secretary of Highways, as follows: (1) Determine that the present road is dangerous, inconvenient, or unreasonably expensive to maintain; (2) obtain approval of the Governor and the commissioners of the proper county for the establishment of the width and lines of the State highway within the borough; (3) cause a description and plan thereof to be made, acknowledged, and recorded in the office of the recorder of deeds in the book there kept for that purpose; (4) notify the county commissioners in writing of the contemplated change in the width or lines of the highway, to give them an opportunity to agree with property owners as to damages; and (5) if no agreement as to damages satisfactory to the commissioners and the property owners can be made, the Secretary of Highways cannot proceed with the construction or improvement unless the county commissioners agree that he may proceed. In Miles v. Milesburg Borough et al., supra, at page 420, the court said, "Until these prerequisites have been fully met, the county is no more a party to damages within the borough than it was prior to the passage of said act [of 1929]."

In the instant case, we must ascertain whether these prerequisites have been fully met. The Secretary of Highways may have made a determination within the first requisite named above, but we have not been informed as to its nature. As to the second requisite, the Governor approved the contemplated change in width and lines, but we feel that the county commissioners did not approve. The plans submitted to the commissioners disclosed proposed changes in location, width, and lines of route no. 708, not only in the Boroughs of Camp Hill and Wormleysburg, but also in East Pennsboro Township. As to the latter portion of the road, the Secretary of Highways had the power to make such changes under section 8 of the Sproul Act of 1911 and its amendments. The plans submitted to the commissioners bore the notations set forth in the tenth finding of fact herein. These notations indicate that the Secretary of Highways was condemning land and establishing a change in the width, lines and location of the highway in East Pennsboro Township. We have grave doubts that by these plans the Secretary of Highways even attempted to exercise the power given him by the Act of June 23, 1931, P. L. 920, to change the location, width, or lines of a borough street which is part of a State highway. Rather, it seems, his plans, showing the proposed changes in the boroughs, were mere suggestions as to what land should be taken by the boroughs under their power of eminent domain.

Therefore, upon the submission of plans bearing the notations mentioned, the county commissioners, by their resolution of October 5, 1932, approved the plans as far as they established location, width, and lines of the highway in East Pennsboro Township, because, as stated before, the plans purported to establish locations, width, and lines only in the township, and the commissioners, by their statement in their resolution that they were not assuming liability for damages in the boroughs, indicated they were not approving any changes in location, width, or lines in the boroughs.

As to the third requisite, the Secretary of Highways failed to acknowledge the plans, nor were the plans recorded in the office of the recorder of deeds. The

plans were sent to the county commissioners, but this does not meet the requirement. Acknowledgment and proper recording of the plans is a prerequisite to the liability of the county, according to Miles v. Milesburg Borough et al., supra, and Jordan v. Clearfield County, 107 Pa. Superior Ct. 441, 444.

Passing to the fourth requisite, we cannot find that the Secretary of Highways notified the commissioners in writing of the contemplated change in the location or lines in the boroughs. True, the commissioners received the plans, but these purported to establish locations, widths, and lines in East Pennsboro Township.

Lastly, we feel that the commissioners did not agree that the Secretary of Highways proceed with the construction and improvement in the boroughs. Their resolution stated that "we agree that the Department of Highways may proceed with the construction of said highway . . . in accordance with said plans"; but, for the reasons already stated, these plans, with the notations mentioned, were plans "for construction and condemnation of right of way except in the Boroughs of Wormleysburg and Camp Hill", and established width, lines, and locations of the highway except in the boroughs. It is true that, under the Sproul Act, approval by the county commissioners of the plans and their agreement that the Secretary of Highways proceed with the work are not conditions precedent to the county's liability for damages for land taken for a State highway in a township. But it was stated in the oral argument that it has been the practice of the Department of Highways to seek such approval and agreement even though it is not required.

For the reasons stated, Cumberland County is not liable for the damages sustained in the taking of land by the construction of those sections of the highway within the boroughs.

Inasmuch as the steps necessary to impose liability upon the county have not been taken and, further, since it appears that the Secretary of Highways did not even attempt to exercise the power given him under the Act of June 23, 1931, P. L. 920, as hereinabove pointed out, we feel that liability for the damages should be determined without regard to the Act of 1931. This being so, and it appearing that the Borough of Camp Hill, by ordinance, adopted the lines, grades, courses, distances, and structures shown on the plans submitted by the Secretary of Highways, and that this was followed by the widening of the street, an actual entry upon and taking of the land of the petitioner, the borough has exercised the right of eminent domain accorded it under section 1401 of the General Borough Act of May 4, 1927, P. L. 519, and is liable for the damages sustained by the petitioner: Fetherolf's Petition, 84 Pa. Superior Ct. 514; Miles v. Milesburg Borough et al., 13 D. & C. 416; Armstrong's Petition, 10 D. & C. 528; Shobert v. Bloomsburg et al., 74 Pa. Superior Ct. 246, 249.

In view of the foregoing, we make conclusions of law which are incorporated in the following

*Declaratory judgment*

And now, June 27, 1933, this matter coming on to be heard upon petition of Farmers Trust Company and stipulations of facts agreed upon by said Farmers Trust Company, the Borough of Camp Hill, and Cumberland County, after due consideration thereof, it is hereby ordered and adjudged that the Borough of Camp Hill is liable, and the County of Cumberland is not liable, for the damages sustained by Farmers Trust Company in the taking of a portion of its land, at the northwest corner of Thirty-second and Market Streets in said borough, occasioned by the changing of the location, width, and lines of said Thirty-second Street, a section of State highway route no. 708.

From Francis B. Sellers, Carlisle, Penna.